277 P.2d 825]

[Civ. No. 8477.   Third Dist.   Dec. 29, 1954.]

C. RAY ROBINSON et al., Respondents, v. SOUTHWEST-
ERN DEVELOPMENT COMPANY (a Corporation)
et al., Defendants; C. R. GALLAGHER et al., Ap-
pellants.

H. H. Bell and Norbert Baumgarten for Appellants.

C. Ray Robinson in pro. per., W. E. Craven and William B. Boone for Respondents.

VAN DYKE, P. J.—This is an appeal by defendants Houchin and Gallagher from a judgment in favor of plaintiffs and respondents, C. Ray and Pauline I. Robinson, in an action for declaratory relief brought to determine the rights of the respective parties under an oil and gas lease, including their rights in a bonus paid for the execution of the lease. Involved in such determinations are the rights of the parties with respect to royalties to be paid under the same lease or future leases. Other defendants than Houchin and Gallagher did not appeal.

The judgment appealed from declares the following: Respondents Robinson, together with A. E. and Sarah Montgomery, who are nonappealing defendants, were and are the owners of an undivided 45-5/6 interest in and to certain real property in Fresno County; respondents Robinson were and are the owners of an undivided one-half interest of said undivided 45-5/6 interest in said real property; prior to the execution and delivery of the oil and gas lease under which the bonus was paid, the following transactions had taken place affecting the ownership of the land and the rights of the parties to share in oil, gas and other hydrocarbons produced therefrom:

On July 7, 1938, A. E. Jones and wife, who then owned the fee simple title to all of said land, executed an oil and gas lease to The Texas Company, which provided a rental or royalty of 12½ per cent of production.

On April 6, 1939, while said lease was existing, the successor in interest to A. E. Jones and wife, conveyed an undivided one-fourth of the land to A. E. Montgomery, the deed reciting that it conveyed the designated interest and a one-fourth interest in the existing lease.

On May 3, 1939, Montgomery and wife conveyed to appellant Houchin "An undivided 1% of all oil, gas, petroleum or other hydrocarbon substances within or underlying or which may be produced and saved from" the said real property, and also on said date conveyed one-half of 1 per cent

of all oil, gas, etc., to nonappealing defendant Gilbert. (The description in the two deeds as to the nature of the rights conveyed is the same.)

June 12, 1939, Montgomery and wife, by a like further instrument, conveyed one-half of 1 per cent of the oil, gas, etc., to nonappealing defendant Southwestern Development Company, a corporation.

On July 11, 1939, Houchin and wife conveyed to appellant Gallagher one-fourth of their interest.

March 24, 1941, Montgomery took by conveyance five-sixths of an additional one-fourth interest in the real property and "in the oil and gas lease thereon."

April 16, 1949, Montgomery and wife conveyed an undivided one-half of Montgomery's interest in the real property to respondents Robinson.

The Texas Company's lease was abandoned at some time not disclosed by the evidence. On April 26, 1949, respondents Robinson and the Montgomerys executed an oil and gas lease to the Barnsdall Oil Company. This lease provided for a 25 per cent royalty, and as a bonus, in consideration of the execution of the lease, the lessee paid the sum of $12,375, which sum was received by respondent C. Ray Robinson and placed in his trust account. Thereafter he offered to distribute the money as follows:

| | |
|---|---:|
| To Houchin, ¾ of 1% of total amount.....$ | 92.82 |
| To Gallagher, ¼ of 1% of total amount.... | 30.94 |
| To Gilbert, ½ of 1% of total amount...... | 61.87 |
| To Southwestern Dev. Co., ½ of 1% of total amount .......................... | 61.87 |
| To Montgomerys, 49% of total amount..... | 6,063.75 |
| To respondents Robinson, 49% of total amount .......................... | 6,063.75 |

All parties except Gilbert returned their checks, this action was begun, and Robinson continued to hold the represented money in trust.

The trial court by its judgment declared that the sums tendered were the correct sums to which the interested parties were entitled. It further decreed that respondents Robinson, together with the Montgomerys, have the "sole and exclusive right to execute any oil and gas lease on said real property upon any terms which they might elect, provided that the defendants, Southwestern Development Company, C. E. Houchin, C. R. Gallagher and Robert K. Gilbert shall receive their proportionate shares, as herein defined, of any

bonus, royalty, rent or other consideration paid or payable for and under the terms, conditions and provisions of any such oil and gas lease.'' This part of the decree is based upon the deeds whereby the four parties named received their fractional interests; and no attack is made in this appeal upon this part of the decree. The court further decreed that Southwestern Development Company was entitled to receive one-half of 1 per cent of any royalty, rent or other consideration paid or payable under the terms of any oil and gas lease on the real property; that Gilbert was entitled to receive one-half of 1 per cent; Houchin three-fourths of 1 per cent and Gallagher one-fourth of 1 per cent of such payments; and that respondents Robinson and defendants Montgomery were entitled to receive each 49 per cent of such payments. The court decreed that Southwestern Development Company was the owner of an undivided one-half of 1 per cent of all oil, gas, petroleum or other hydrocarbon substances within or underlying ''or which may be produced and saved from said real property, together with perpetual rights for drilling and production purposes, but subject, however, to any present or future oil or gas lease executed by the Robinsons and the Montgomerys. Like ownerships, with proportional interests, were declared to exist in Gilbert, Houchin, Gallagher, the Montgomerys and the Robinsons.

The questions presented on appeal as stated by appellants are these: 1. Did the lower court err in its determination of the existing interests of the parties to the action? 2. Did the court err in refusing to grant appellants' motion for new trial?

It is apparent from the record that the trial court mainly relied upon the case of *Little* v. *Mountain View Dairies, Inc.*, 35 Cal.2d 232 [217 P.2d 416], deeming that case to be decisive of the main issues between the parties. We may note the similarities in the factual picture presented in that case and in the case at bar. In both cases the granting clauses of the instruments of conveyance contained the same language, that is, there was granted a specified per cent of the oil, gas and like substances in or under or which might be produced and saved from the subject property. In both cases also the owners of fractional interests who did not execute the lease had agreed to be bound by the terms thereof.

In *Little* v. *Mountain View Dairies, Inc.*, the Supreme

Court stated it was settled law that if one cotenant produces oil he is entitled to charge the interests of nonproducing cotenants for their proportionate share of drilling and operating expenses; that the expense incurred by the owners of the mineral rights in producing the oil from the land was, in that case, represented by the 5/6 of the oil that the lessee retained from the total production; that by ratifying the lease the defendants in the cited case had agreed that this was a fair charge for the expense of bringing the oil to the surface. Further the court declared that where a lease is executed by a cotenant the nonconsenting cotenants could either recognize the lease and receive their fractional interest in the royalty or they could reject the lease and receive their fractional part of the oil produced, less their proportionate share of the cost of discovery and production; and that a grant of a fraction of all "of the oil, gas and other minerals in and under and that may be produced" from the land creates an expense-bearing mineral fee interest rather than an expense-free royalty interest. ■ When these rules are applied to the case before us, it is apparent that the deeds by which appellants took their interest did not grant to them expense-free royalty interests, but rather expense-bearing mineral fee interests. Therefore, the trial court correctly decreed that each grantee took the specified interest in all the oil produced under the lease and was entitled to the same percentage of bonuses, rents and royalties. For instance, Houchin, by the deed which conveyed to him an undivided 1 per cent of all oil, gas, petroleum or other hydrocarbon substances within or underlying or which might be produced and saved from the subject real property became entitled to one barrel in each 100 barrels of oil produced, chargeable, however, with the expense of production. He was, therefore, entitled to 1 per cent of the net after subtraction of production expense, that is, after the subtraction of the lessee's share.

Appellants seek in various ways to distinguish this case from *Little* v. *Mountain View Dairies, Inc., supra.* We think it unnecessary to comment upon each of such contentions as we think that the two cases cannot be distinguished. The decision must turn upon the interpretation of the instruments of conveyance, aided by the agreement of the grantees as expressed in those conveyances, that the respondents and the Montgomerys could execute leases binding the grantees.

■ We turn now to appellant's contention that the trial

court erred in denying their motion for new trial. The motion was made on the ground of newly discovered evidence and was supported by an affidavit of Mr. Bell, one of the attorneys for appellants. In his affidavit Mr. Bell stated that Mr. Hewicker, another attorney for appellants, was in charge of the preparation and trial of the action; that he had died suddenly after the trial, and that Mr. Bell had discovered in Mr. Hewicker's files the original of a lease which pertained to the subject property. It was dated May 27, 1942, which was prior to the time the respondents Robinson acquired their interest. It appeared to have been executed by the then owners, including the Montgomerys, Houchin and wife, Gallagher and wife, Gilbert and wife, and Southwestern Development Company. It purported to grant to A. E. Wright as lessee the right to drill for and to extract oil and gas from the property and it reserved to the lessors 12½ per cent of the oil and gas produced and saved. It appears that Houchin signed as the owner of 6 per cent of all oil royalties, etc., to be paid by the lessee, that Gallagher signed as owner of 2 per cent of the same, that Gilbert signed as owner of 4 per cent and that Southwestern Development Company signed as owner of 4 per cent. Though of course respondents Robinson were not parties to the purported lease, yet it is alleged in the affidavit that Mr. Robinson had knowledge of the lease at the time he acquired his interest in the property. The affiant places this construction upon the document which he discovered: He says that the lease shows all the parties having any interest in the oil and gas rights in the property had agreed among themselves as to the true interest of each in and to royalties and bonuses; that it shows that they had agreed to proportions greatly exceeding those upon which were based the tender of money by Robinson and greatly exceeding the several interests as decreed by the trial court. Affiant further declared that by that lease respondents Robinson are estopped from claiming any greater share than those mentioned in that lease. We are unable to read into this discovered document the significance which appellants attach to it. There would be no estoppel binding upon respondents Robinson. When they acquired their interests, they had before them the documents we have hereinbefore referred to and which were placed in evidence in this case. They were free to interpret those documents according to their own conclusions as to their meaning. This case did not present a matter of estoppel to interpret the granting documents ac-

cording to their own contents, but did present the single issue of what was conveyed thereby. The record presents no showing of abuse of discretion by the trial court in refusing to grant a new trial.

The judgment is affirmed.

Peek, J., and Schottky, J., concurred.