**Harold SMITH, et al., Appellant,**

v.

**Hunt GRAHAM, et al., Appellee.**

**No. 9401.**

Court of Appeals of Texas, Texarkana.

Nov. 26, 1985.

Rehearing Denied Dec. 27, 1985.

Philip Brin, Longview, Ruben K. Abney, Marshall, for appellants.

Earl Roberts, Jr., Longview, for appellees.

CORNELIUS, Chief Justice.

Harold W. Smith and others appeal from a declaratory judgment which construed four deeds as conveying only working interests in certain oil and gas leases rather than fee mineral interests. They contend that, as a matter of law, the deeds conveyed mineral interests, and the trial court erred in not so finding. We agree.

Except for the names of the grantees and the extent of the interests transferred to them, all four deeds read thusly:

STATE OF TEXAS:

COUNTY OF GREGG:

WHEREAS, Sam F. Jordan and Carl Bruce are the owners of various oil, gas and mineral leases and mineral interests in fee in the oil, gas and other minerals in, on and under the following described tract situated in the County of Gregg, State of Texas, to-wit:

[Land Description]

NOW, THEREFORE, KNOW ALL MEN BY THESE PRESENTS that we, SAM F. JORDAN and CARL BRUCE, in consideration of One Dollar, and other good and valuable considerations, the receipt and sufficiency of which is hereby acknowledged and confessed, do hereby *bargain, sell, assign and deliver* unto [grantee] *an interest in the oil, gas and other minerals in, on and under the above described tract equal to [fraction] of 7/8 working interest,* together with a like interest in all the personal property and all other rights had and held by us or instant thereto. (Emphasis added.)

TO HAVE AND TO HOLD unto the said [grantee], his heirs, successors and assigns, and we do hereby covenant and warrant the interest here conveyed against the lawful claims of all persons whomsoever.

EXECUTED this the 6th day of April, 1955.

[Signatures]
[Acknowledgement]

In interpreting a deed, the court must ascertain and enforce the intent of the parties to the deed. *Alford v. Krum,* 671 S.W.2d 870 (Tex.1984); *Garrett v. Dils Company,* 157 Tex. 92, 299 S.W.2d 904 (1957); *Averyt v. Grande, Inc.,* 686 S.W.2d 632 (Tex.App.—Texarkana 1984, writ ref'd n.r.e.). However, it is not the subjective intention the parties may have had but failed to express that controls, but the intention that is expressed by the deed; that is, the question is not what the parties meant to say or thought they said, but the meaning of what they did say. *Alford v. Krum,* supra. In ascertaining the intent of the parties, the court must attempt to harmonize all parts of the deed. If it is impossible to harmonize internally inconsistent expressions of intent in the deed, then the court must give effect to the controlling language of the deed which is found in the granting clause. *Alford v. Krum,* supra. A deed must be interpreted by considering its "four corners," and unless the deed is ambiguous, parol evidence is not admissi-

ble. *Averyt v. Grande, Inc.,* supra; *First Nat'l Bank in Dallas v. Kinabrew,* 589 S.W.2d 137 (Tex.Civ.App.—Tyler 1979, writ ref'd n.r.e.). All parties here agree that the deeds are unambiguous.

Applying these rules of construction to the deeds in question, we are constrained to conclude that fee mineral interests were conveyed to the grantees. The key language is "do hereby bargain, sell, assign and deliver unto [grantee] an interest in the oil, gas and other minerals in, on and under the above described tract equal to [fraction] of 7/8 working interest,...." It is well settled in Texas as well as the other oil and gas producing states, that the language "oil, gas and other minerals in, on and under" conveys a mineral interest. *Murphy v. Dilworth,* 137 Tex. 32, 151 S.W.2d 1004 (1941); *Miller v. Speed,* 259 S.W.2d 235 (Tex.Civ.App.—Eastland 1952, no writ); *see also, Smiley v. Thomas,* 220 Ark. 116, 246 S.W.2d 419 (1952); *Robinson v. Southwestern Development Company,* 130 Cal.App.2d 1, 277 P.2d 825 (Dist.Ct. App.1954); *Horn v. Skelly Oil Co.,* 224 La. 709, 70 So.2d 657 (1954); *Ford v. Jones,* 226 Miss. 716, 85 So.2d 215 (1956); *McNeill v. Shaw,* 295 P.2d 276 (Okla.1956); *South Penn Oil Co. v. Haught,* 78 S.E. 759 (W.Va.1913); 1 Kuntz, *Law of Oil & Gas* § 16.2 (1962). All of the deeds in question use the term "in, on and under," and properly construed, are grants of mineral interests.

It is true that the parties' use of the term working interest, and their reference to an interest in the personal property as a part of the grant could be consistent with an attempt to assign a part of the working interest created by the leases mentioned in the first paragraph of the deed. On the other hand, one can harmonize those provisions with the explicit grant in the granting clause by concluding that the phrase "equal to [fraction] of 7/8 working interest" was not descriptive of the character of the estate conveyed but was simply a method to calculate the percentage of mineral interest granted and to make it clear that the mineral interest was an expense bearing interest as distinguished from a free royalty. *See Miller v. Speed,* supra; *Robinson v. Southwestern Development Company,* supra; *Colonial Royalties Co. v. Keener,* 266 P.2d 467, 471 (Okla.1953). The reference to personal property can be harmonized by concluding that it referred to any personal property that may have become the property of the grantors, whether by virtue of the leases or the fee estate they owned. We are not permitted to use these provisions to create an ambiguity in the instrument or to contradict the explicit language of the granting clause.

For the reasons stated the judgment of the trial court is reversed and judgment is here rendered declaring that the deeds in question conveyed fee mineral interests.