**SOUTHERN CALIFORNIA GAS
COMPANY, Petitioner,**

** The Honorable Samuel P. King, Senior Unit-
ed States District Judge for the District of
Hawaii, sitting by designation.

El Paso Natural Gas Company,
et al., Intervenors,

v.

FEDERAL ENERGY REGULATORY
COMMISSION, Respondent.

Southern California Gas Company,
Petitioner,

El Paso Natural Gas Company,
Intervenor,

v.

Federal Energy Regulatory
Commission, Respondent.

Nos. 01–70678, 01–71703.
FERC Nos. RP99–507–000 through
RP99–507–010, RP00–139–
001/002, 99–1030.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted July 9, 2002.

Decided July 22, 2002.

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

Before HUG, FARRIS, and
SILVERMAN, Circuit Judges.

MEMORANDUM *

In these consolidated matters, Southern California Gas Company ("SoCal Gas") petitions for review of various orders of the Federal Energy Regulatory Commission ("FERC") regarding capacity rights at natural gas delivery points along the Arizona–California border. We have jurisdiction pursuant to 15 U.S.C. § 717r(b) and deny the petitions.[1]

SoCal Gas asserts that FERC's October 25, 2000, November 11, 2000, and February 26, 2001, orders abrogate its contractual right to delivery of natural gas at a particular delivery point located in Topock, Arizona, referred to as the SoCal/Topock delivery point. This argument necessarily fails because, under governing state law, SoCal Gas has no such right.

In 1970, SoCal Gas entered into a transport service agreement with El Paso Natural Gas Company ("El Paso"), an intervenor in these proceedings. That contract expressly provided that SoCal Gas was entitled to delivery of its maximum daily quantity of natural gas from El Paso at one delivery point—the SoCal/Topock delivery point. In 1990 and 1992, following promulgation of regulations requiring open access on interstate natural gas pipelines, the parties amended their original agreement. Unlike the 1970 agreement, the 1990 and 1992 amendments expressly provided that SoCal Gas was entitled to deliv-

1. We reach this result regardless of whether we apply a de novo or deferential standard of review.

ery "in the aggregate" over all delivery points at Topock.

The original 1970 agreement, as well as the 1990 and 1992 amendments, provide that Texas law governs any interpretation issues. This is not in dispute. Under Texas law, contract language is to be given its plain meaning, regardless of extrinsic evidence, unless there is ambiguity. *See Universal C.I.T. Credit Corp. v. Daniel,* 150 Tex. 513, 243 S.W.2d 154 (Tex.1951). An ambiguity exists only where there is a genuine uncertainty as to whether one of two reasonable meanings is the proper one. *See Prairie Producing Co. v. Schlachter,* 786 S.W.2d 409 (Tex.App.1990). In the absence of ambiguity, the meaning of contract terms is ascertained based on the plain language of the contract. *See City of Seattle v. FERC,* 923 F.2d 713, 715 (9th Cir.1991); *see also Pacific Gas & Electric Co. v. FERC,* 746 F.2d 1383, 1387 (9th Cir.1984).

Here, we conclude that there is no ambiguity. Under the plain language of the 1990 and 1992 amendments, SoCal Gas had no right to delivery at a specific delivery point because it agreed to delivery "in the aggregate" over all the Topock delivery points. SoCal Gas has failed to suggest an alternative interpretation of this plain language which could give rise to uncertainty as to the proper meaning.

All pending motions are denied.

**PETITIONS FOR REVIEW DENIED.**

---

\* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* The Honorable Samuel P. King, Senior United States District Judge for the District of Hawaii, sitting by designation.

---

\*\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.