F. G. WATKINS ET UX V. SUE ALICE SLAUGHTER ET VIR.

No. A-409. Decided July 18, 1945.
Rehearing overruled October 17, 1945.

(189 S. W., 2d Series, 699.)

*Durward D. Mahon* and *Lawrence F. Green,* both of Lubbock, for petitioners.

The Court of Civil Appeals erred in construing the clause which provided for a reservation of 1/16 of the minerals as reserving to grantor 1/2 of the 1/8 royalty provided for in a subsequent lease, execution of which was authorized by all parties, instead of reserving 1/16 of the 1/8 royalty provided for in said lease. Murphy v. Dilworth, 137 Texas 32, 151 S. W. (2d) 1004; Theo Oil Co. v. Thomas, 108 S. W. (2d) 555; Richardson v. Hart, 143 Texas 392, 185 S. W. (2d) 653; Jones v. Bedford, 56 S. W. (2d) 305.

*Jno. E. Kilgore,* of Dallas, for respondent.

It was not error for the Court of Civil Appeals to hold that the reservation as expressed in the deed was in fact a reservation of royalty and not a reservation of mineral interest. Hill v. Roberts, 284 S. W. 246, and cases cited in the opinion.

MR. JUSTICE SHARP delivered the opinion of the Court.

### ON MOTION FOR REHEARING.

On May 9, 1945, this Court reversed the Judgment of the Court of Civil Appeals (183 S. W. (2d) 474) and rendered judgment for petitioners. The case is now pending here on motion for rehearing, and this Court has decided to withdraw the original opinion rendered herein and substitute therefor the following:

This suit was brought to settle a controversy between petitioners and respondents as to the interpretation to be given a deed from Bob Slaughter conveying 80 acres of land to F. G. Watkins. The pertinent part of the language contained in the deed in controversy is as follows:

"Together with a 15/16 interest in and to all the oil, gas and other minerals in and under and that may be produced from said land and the grantor retains title to a 1/16 interest in and to all of the oil, gas and other minerals in and under and that may be produced from said land; but it is distinctly agreed and understood that the grantor, his heirs and assigns shall not receive any part of the money rental paid on any future lease; and the grantee, his heirs or assigns, shall have authority to lease said land and receive the cash bonus and rental; and the grantor, his heirs or assigns, shall receive the royalty retained herein only from actual production of oil, gas or other minerals on said land."

Watkins later executed to third parties a mineral lease covering the 80 acres and vesting in the lessees the usual 7/8 leasehold estate; whereupon a dispute arose between respondents, successors in title to Bob Slaughter, and Watkins as to whether the quoted language reserved to the Slaughters 1/16 of the gross minerals as a royalty or only 1/16 of the usual 1/8 royalty.

The trial court found that the Slaughters were entitled to "a non-participating perpetual royalty interest equivalent to 1/16 of the gross minerals heretofore and hereafter to be produced from" the land. The Court of Civil Appeals affirmed the judgment of the trial court. 183 S. W. (2d) 474.

The controlling question for decision is: Did the conveyance of the land by Slaughter to Watkins, together with a 15/16 interest in the oil, gas and other minerals, and the reservation to Slaughter of a 1/16 interest in the oil, gas and other minerals, reserve to Slaughter a 1/16 royalty interest, or did it reserve to him merely a 1/16 mineral fee interest?

The word "royalty" has a well understood meaning in the oil and gas industry. Schlittler v. Smith, 128 Texas 628, 101 S. W. (2d) 543; State National Bank v. Morgan, 135 Texas 509, 143 S. W. (2d) 757.

Article 5421c, Vernon's Annotated Civil Statutes, in part reads as follows:

"Sec. 4. All land shall be sold without condition of settlement and with a reservation of one-sixteenth (1/16) of all minerals, as a free royalty to the State, * *."

■ This statute was construed by this Court in the case of Wintermann v. McDonald, 129 Texas 275, 102 S. W. (2d) 167, Id. 104

S. W. (2d) 4. A royalty interest may be created, prior to any lease for oil and gas purposes, either by grant or by reservation. See Schlittler v. Smith, supra; State National Bank v. Morgan, supra; Brown v. Smith, 141 Texas 425, 174 S. W. (2d) 43; and Summers' Oil and Gas, Vol. 3, pp. 348, 349, sec. 572, pp. 473-483, sec. 599. In this State a royalty or royalty interest, whether created by grant or reservation, or by lease, is an interest in land. Sheffield v. Hogg, 124 Texas 290, 77 S. W. (2d) 1021, 80 S. W. (2d) 741.

■ Of course, the whole of the material part of the deed must be considered in order to ascertain its meaning. This would be true even if the material part had consisted of different sentences and different paragraphs. But here the grantor was careful to express his intention and meaning in a single sentence, consisting of four parts, separated by semicolons. The first part is as follows:

"Together with a 15/16 interest in and to all the oil, gas and other minerals in and under and that may be produced from said land and the grantor retains title to a 1/16 interest in and to all of the oil, gas and other minerals in and under and that may be produced from said land;"

Had the foregoing clause been the whole of what the deed contained as to the mineral interest conveyed and the mineral interest reserved, Slaughter would have reserved merely a 1/16 mineral fee interest. But the deed proceeds to describe the nature and quality of the two undivided mineral interests and to state what incidents and rights shall attach and belong to them. The second and third clauses of the sentence read as follows: "but it is distinctly agreed and understood that the grantor, his heirs and assigns, shall not receive any part of the money rental paid on any future lease; and the grantee, his heirs or assigns, shall have authority to lease said land and receive the cash bonus and rental;" By these clauses the right to delay rentals under any future lease and the cash bonus which might be paid for the execution of any such lease pased to Watkins, the grantee, and was denied to Slaughter, the grantor.

The fourth and final clause of the sentence, following another semicolon, is: "and the grantor, his heirs or assigns shall receive the royalty retained herein only from actual production of oil, gas or other minerals on said land."

Disregarding for the moment the use of the word "royalty" in this clause, it is apparent that the clause is intended to reiter-

ate that the owner of the 1/16th is to be paid only from production, and that he shall receive no part of the payments of bonus or rentals, all of them belonging to the owner of the 15/16th interest, the mineral fee estate. By the plain and definite terms of the deed it is announced unequivocally in the last clause that the grantor *"shall receive the royalty retained herein only from actual production of oil, gas or other minerals on said land."* (Emphasis supplied.)

As aptly said by Associate Justice Stokes, who wrote the clear and able opinion of the Court of Civil Appeals herein:

"The deed contained no reservation other than the 1/16 of oil, gas, and other minerals, mentioned in the first clause of this one, and the quoted phrase could not, therefore, have had reference to any other item. It is obvious, therefore, that both the grantor and the grantee considered it to be royalty. In order to apply to the reservation the interpretation contended for by appellant, it would be necessary to disregard completely the last clause, which designates the reservation as royalty. Under all the rules of interpretation, that cannot be done, because it is not only not in conflict with the other provisions of the deed, but is in complete harmony with them." 183 S. W. (2d) 474, 477.

Had the word "royalty" appeared in the first clause, above quoted, of the deed, by which the 1/16th was reserved,—that is, had that clause read "the grantor retains title to a 1/16th royalty interest," then there could be no contention that the interest reserved was only a mineral fee interest. Schlittler v. Smith, 128 Texas 628, 101 S. W. (2d) 543; Brown v. Smith, 141 Texas 425, 174 S. W. (2d) 43. Certainly the reservation should not be given a different meaning merely because the description of the reserved interest as a royalty interest appears in the last clause of the sentence rather than in the first clause.

The motion for rehearing by respondents is granted and the former judgment of this Court is set aside. The judgments of the trial court of the Court of Civil Appeals are affirmed.

Opinion delivered July 18, 1945.

Rehearing overruled October 17, 1945.