**Eugene T. ETTER et al., Appellants,**

v.

**TEXACO, INC., et al., Appellees.**

**No. 4153.**

Court of Civil Appeals of Texas.

Waco.

Oct. 3, 1963.

Rehearing Denied Oct. 24, 1963.

Spruiell, Lowry, Potter, Lasater & Guinn, Tyler, Haley, Koehne, Fulbright & Winniford, Waco, Wilson, Miller, Spivey & Steger, Thomas Y. Banks, Tyler, W. A. Keils, Jr., Teague, for appellants.

Lawrence Jack Moore, Houston, Howell & Howell, Beaumont, Earl A. Brown, Dallas, B. R. Reeves, Palestine, for appellees.

WILSON, Justice.

The trial court concluded that the instrument quoted below was a conveyance to appellees' predecessor in title of a perpetual undivided non-participating royalty interest entitling them to a royalty of ¼ of ⅛, or a 1/32 interest in production under a subsequent lease held by Texaco and all future leases. We reverse this portion of the judgment.

The original instrument is lost. It was recorded in the two counties where the land is situated, and certified copies from these two counties vary in punctuation and immaterial respects. Appellees assert and

appellants concede a printed form was used, a prototype of which is in the record. The instrument is substantially as follows, the typed portions being italicized:

"C–90.  Royalty Contract                                        Palestine Printing Co.–5871

The State of Texas ⎫
                    ⎬  KNOW ALL MEN BY THESE PRESENTS:
County of *Leon* ⎭

That *we A. Rabe & wife Medie Rabe*, of the County of *Freestone*, State of Texas, have and by these presents do grant, bargain, sell, convey, set over and assign and deliver unto *J. W. Barton* the following to wit: *1/32 int or 1/4 of 1/8 interest in and to all of the oil, gas and other minerals in and under and that may be produced from the following described lands situated in Leon & Freestone County, Texas, to-wit*" *(description, "to place of beginning,")*. *The said A Rabe NOW occupies said property*.
together with the right of ingress and egress at all times for the purpose of mining, drilling and exploring said lands for oil, gas and other minerals, and removing the same therefrom.

"And said above described lands being now under an oil and gas lease originally executed in favor of *Keechi Pet. Co.* and now held by *Keechi Pet. Co.*, it is understood and agreed that this sale is made subject to said lease, but covers and includes *one fourth* of all the oil royalty and gas rental or royalty due and to be paid under the terms of said lease.

"It is agreed and understood that *all* of the money rentals which may be paid to extend the term within which a well may be begun under the terms of said lease is to be paid to the said *A. Rabe*, and in the event that the said above described lease for any reason becomes cancelled or forfeited, then and in that event, the lease interests and all future rentals on said land, for oil, gas and mineral privileges shall be owned by *A. Rabe*."

⸻◆⸻

Following the quoted language, the next portion of the printed form was deleted by typewriter: "and ...... each owning ...... interest in all oil, gas and other minerals in and upon said land together with ...... interest in all future rents." The recited consideration was $800. There followed habendum and general warranty clauses.

The Keechi lease referred to in the instrument was released, and is not involved. Texaco became assignee of an oil, gas and mineral lease describing the same property subsequently executed by Rabe and others, in which a royalty of one-eighth was reserved. Texaco filed a bill of interpleader asserting conflicting claims to royalty, and sought a declaratory judgment construing the quoted instrument, declaring interests and establishing the division boundary line in a survey. That portion of the judgment relating to the boundary is not complained of, and is undisturbed. Appellants deraign interest through grantor Rabe; appellees through the grantee, Barton.

The quoted instrument fits with precision the pattern of the holding and the instrument construed in Delta Drilling Co. v. Simmons, 161 Tex. 122, 338 S.W.2d 143, 146, which governs our decision. Under it, the present instrument conveyed to Barton an undivided 1⁄32 interest in and to the oil, gas and other minerals in place, with a corresponding and incident 1⁄32 of the royalty reserved in subsequent leases. Except for difference in the fractional interest in the minerals conveyed, the deletion of the ownership and future rents clause and immaterial variations to be noticed, the quoted in-

strument is in effect identical to that in the Simmons case. We construe this as the Supreme Court interpreted that conveyance.

■ Since grantor, as in the Simmons case, reserved the "lease interests" upon termination of the Keechi lease, he retained the right to lease the 1/32 mineral interest conveyed to Barton. Barton's successors are "entitled to the royalty provided in the lease" acquired by Texaco to the extent of that 1/32 interest. Delta Drilling Co. v. Simmons, 161 Tex. 122, 338 S.W.2d 143 at 146.

We refer briefly to appellees' arguments to the contrary:

(1) They rely on Garrett v. Dils Company, 157 Tex. 92, 299 S.W.2d 904. The majority opinion there turned on a provision absent here: that upon termination of the lease referred to in the instrument grantee should own 1/8th "of the lease interest", future rentals and other mineral privileges; and upon a clause, the counterpart of which was deleted here: grantee "owning one-eighth of one-eighth of" minerals and 1/8th interest in the future rents. There the majority held the latter provisions meant the grantee had the right to lease an undivided 1/8th interest in the minerals, which, with right to bonus and rentals left no right in grantors in that 1/8th interest; and there was conveyed 1/8th of the "usual" 1/8th royalty under future leases. That holding is neither controlling nor applicable here.

(2) Appellees assert Rabe "retained the right of ingress and egress". It is not necessary to decide whether it was retained or granted. Under their own contention, the printed form was used, in which the words "together with the right of ingress and egress" are printed following a four-inch blank space provided for description. In Delta Drilling Co. v. Simmons, 161 Tex. 122, 338 S.W.2d 143, 145, the instrument provided that "none" of the lease interest should be owned by grantee, and it likewise

contained the identically worded "Together with the right of ingress and egress" printed clause following the typed description. That clause was not permitted to control intent by implication in the Simmons case. The bill of interpleader prayed only, in this respect, that the instrument be construed to the extent the stakeholder could safely pay royalties accrued and unpaid which were tendered into the registry, and that the conflicting claims of defendants thereto be adjudicated. Our opinion is not intended to do more.

■ (3) It is urged that the words, "Royalty Contract", appearing in the upper margin of the printed form in type a size smaller than the upper case used in the body of the form, constitute a "caption" which are words of the grantor to be construed against him in describing the nature of the estate granted; and that the words should be held to convey the greatest estate permissible thereby. The printed form, before its blanks were filled, was one which provided that there was granted and conveyed "——— interest in all of the oil, gas and other minerals in and under and that may be produced" from lands to be therein described. The form also provided space for insertion of the portion of royalty to be paid under any existing lease. We see nothing in the printer's nomenclature repugnant to or inharmonious with our holding. The name given the form will not be given controlling effect to alter the terms of the express grant, by implication.

■ (4) Reliance is placed on the fact that the "sale" is made subject to the Keechi lease "but covers and includes 1/4th of all the oil royalty and gas rental or royalty due" thereunder. It is said this accounts for the use of the numerals, "or 1/4 of 1/8" in the granting clause, because, appellees say, "grantee was to receive thereby 1/32nd of the production (which was 1/4 of the royalty), and not 1/32nd of the royalty". This argument is answered by necessary implication in the Simmons case, above; but it is directly answered by Richardson v. Hart,

143 Tex. 392, 185 S.W.2d 563 where also the mineral interest conveyed was stripped of "lease interest", future rentals and "other mineral privileges." The clause quoted above refers only to the Keechi lease, and payments to be made thereunder. It does not by implication apply to future leases. As the Supreme Court said in Delta Drilling Co. v. Simmons, 161 Tex. 122, 338 S.W.2d at 145 (where the instrument also provided the sale "covers and includes one-fourth (¼) of all of the oil royalty"), thereby "there was no limitation as to the royalty to be received under future leases". We need not speculate upon the reason for the expression here of dual fractions which represent identical parts of the entire mineral estate. We are of the opinion that the mere reference to or use of the fraction "⅛" in the granting clause does not require that fraction to be construed as synonymous with "royalty" as the argument would require us to hold. See generally, Benge v. Scharbauer, 152 Tex. 447, 259 S.W.2d 166; Stanton, 7th Inst. Oil & Gas Law, S.W. Legal Found., 317; Masterson, "Double Fraction Problems", 11 S.W. Law J. 281; Elliott, "The Fractional Mineral Deed 'Subject to' a lease", 36 Tex.L.Rev. 620.

■ (5) Appellees insist that because grantor retained the "lease interests", future rentals and mineral privileges, no mineral interest was created, but only a royalty interest. This argument also is directly answered by Delta Drilling Co. v. Simmons, 161 Tex. 122, 338 S.W.2d 143, 147. There also the mineral interest conveyed was *shorn of executive rights* by grantors' retention of all "lease interest", and grantee received "none" of future rentals and mineral privileges. See also Richardson v. Hart, 143 Tex. 392, 185 S.W.2d 563, 565. Appellees rely on Watkins v. Slaughter, 144 Tex. 179, 189 S.W.2d 699. That decision is not referred to in Simmons. The clause on which the Slaughter case was made to turn (that royalty should be received "only from actual *production*") was not present in the Simmons case and it is absent here. In Miller v. Speed, Tex.Civ.App., 259 S.W.

2d 235, no writ, also relied on, there was no language which referred to a mineral interest; there was reserved only an interest in production: "1/24th of all the oil, gas and other minerals *produced*". See Martin v. Snuggs, Tex.Civ.App., 302 S.W.2d 676, 678, writ ref. n. r. e.

■ (6) Finally it is argued that deletion of the clause mentioned above (relating to ownership and future rents upon cancelation or forfeiture of the Keechi lease) is significant as negativing intent to convey an interest in minerals. For the present purposes we assume correctness of appellees' contention that the clause was so deleted in the original. In our opinion the omission or elimination of this portion of the form emphasizes the factor which distinguishes this case and the Simmons case from Garrett v. Dils Co., 157 Tex. 92, 299 S.W.2d 904 where the majority opinion held this clause containing a fraction as used in the instrument (and not omitted or deleted), showed intention to convey only royalty under subsequent leases. Had the blanks in the present deleted clause been filled with a fraction as in Garrett v. Dils Co., the element appellee urges would confront us. If the blank had been filled as in Delta Drilling Co. v. Simmons, above, our present holding would still be required. The blank not having been filled, but the clause having been stricken, it is not a factor in construction, for its deletion may not be said to negative or limit the estate clearly described in the granting clause, by implication. It was not essential to fill the blank or utilize the clause in order to effect conveyance of a mineral interest. As said by Morris, "Mineral Interests or Royalty Interests?" 10th Inst. Oil & Gas Law, S. W. Legal Found., 269, the use of such a clause in many cases "is unnecessary; it may be positively dangerous. That is to say, it may have the effect, depending upon the facts, of conveying one fractional interest in the minerals and a different fractional interest in the royalties and delay rentals," resulting from efforts to state the legal consequences "which auto-

matically flow from conveyance of a mineral interest."

The judgment in this case is a complex and lengthy document, and because of the numerous fractional interests now involved, the re-drafting and modification of that judgment may be most conveniently and accurately done with assistance of counsel in the trial court. The judgment, except as to the boundary matter, is reversed and the cause remanded to the trial court with directions to render judgment in accordance herewith. Reversed and remanded.