**420**

**Hazel ALTMAN, et al., Appellants,**

v.

**W.R. BLAKE, III, et al., Appellees.**

**No. 07–84–0272–CV.**

Court of Appeals of Texas,
Amarillo.

Jan. 30, 1986.

Rehearing Denied Feb. 19, 1986.

Gerald Huffaker, Huffaker, Green & Huffaker, Tahoka, for appellants.

Donald M. Hunt, Carr, Evans, Fouts & Hunt, Lubbock, for appellees.

Before REYNOLDS, C.J., and COUNTISS and BOYD, JJ.

REYNOLDS, Chief Justice.

The question presented in this summary judgment action is whether the language used in two deeds effected a conveyance of an undivided one-sixteenth (¹⁄₁₆) royalty interest or an undivided one-sixteenth (¹⁄₁₆) of all the oil, gas and other minerals. Considering opposing motions for summary judgment on stipulated material facts, the trial court determined, and rendered judgment decreeing, that the deeds conveyed an undivided one-sixteenth (¹⁄₁₆) nonparticipating royalty interest. Concluding that the trial court correctly construed the deeds, we affirm.

The stipulated facts establish that on 30 May 1938, W.R. Blake, Jr., as owner-grantor, executed a deed which, as recorded, recites that he does convey to W.R. Blake, Sr., as grantee,

> an undivided One Sixteenth (¹⁄₁₆) interest in and to all of the oil, gas and other minerals in and under and that may be produced from the following described lands, situated in Hockley County, State of Texas, to-wit:
>
>> All that certain tract or parcel of land being, all of Labors Fifteen and Sixteen (15 and 16) of League Two (2), Jones County School Land, Hockley County, Texas.
>
> But does not participate in any rentals or leases.
> containing 348 acres, more or less, together with the rights of ingress and egress at all times for the purpose of mining, drilling, exploring, operating and developing said lands, for oil, gas and other minerals, and storing, handling, transporting and marketing the same therefrom with the right to remove from said land all of Grantee's property and improvements.

Thereafter on 14 January 1939, W.R. Blake, Jr. and his wife conveyed the above-described land to D.A. Clark, "save and except one-sixteenth (¹⁄₁₆) of the mineral; non-participating, which has previously been sold."

Subsequently, plaintiff-appellants Hazel Altman, Duncan B. Clark and Ellen Dixon Clark, stipulated to be the inheritors of the interest of D.A. Clark in the land and premises, initiated this action for a determination of interest in and to the oil, gas and other minerals in, on and under the above-described land. Although they named the defendants to be W.R. Blake, Jr. and Jack Blake Beady, their action was answered by W.R. Blake III and Jaqueline Blake Beatty, who were stipulated to be the successors in title to the interest conveyed to W.R. Blake, Sr.

By their action, plaintiff-appellants sought to establish that they own fifteen-sixteenths (¹⁵⁄₁₆) of the one-eighth (⅛) royalty, and that defendant-appellees own one-sixteenth (¹⁄₁₆) of the one-eighth (⅛) royalty, that may become due and owing under any oil, gas or other mineral leases covering the land and premises. In answering the action, defendant-appellees asserted their ownership of an undivided one-half (½) interest of all oil, gas and other mineral royalties, including the one-eighth (⅛) royalty payable under a lease now existing as to said minerals.

Later, plaintiff-appellants and defendant-appellees filed their respective motions for summary judgment, stipulated the material facts, and submitted the construction of the deeds to the trial court. The court construed the 1938 deed to convey to W.R. Blake, Sr., and the 1939 deed to reserve to W.R. Blake, Sr. and those claiming under him, "a one-sixteenth non-participating royalty interest" in the minerals in the land, and rendered summary judgment accordingly.

By four points of error, appellants present their central contention that the court erroneously construed the deeds in decreeing a conveyance-reservation of one-sixteenth (¹⁄₁₆) nonparticipating royalty interest, and submit an interpretation for a conveyance-reservation of one-sixteenth (¹⁄₁₆) of the minerals. Appellees reply with a counterpoint and propose an interpretation to justify the court's judgment. However, we will not explicate the differing interpretations; instead, we will employ a format of construction dictated by controlling principles of law that, explicitly or implicitly, responds to the respective interpretations of the litigants.

At the outset, we mention that the owner of minerals may convey, or reserve in his conveyance, all or any part of his interest in the minerals, *Schlittler v. Smith*, 128 Tex. 628, 101 S.W.2d 543, 544 (1937), and we notice that the litigants represent that the deeds are unambiguous. Then, in considering each deed, we begin with the primary rule that the intent of the parties, as expressed in the language they used in the deed, is to be ascertained and given effect; and, in this regard, it is accepted that the parties intend every clause to have effect in evidencing their agreement. *Alford v. Krum*, 671 S.W.2d 870, 872 (Tex.1984). Thus, the intent of the parties must be determined from the four corners of the deed, *Peveto v. Starkey*, 645 S.W.2d 770, 772 (Tex.1982), and all parts of the deed are to be harmonized and given effect, if possible, and no part is to be rendered meaningless unless there is an irreconcilable conflict wherein one part of the deed effectively destroys another part of it. *Woods v. Sims*, 154 Tex. 59, 273 S.W.2d 617, 620–21 (1954).

The 1938 deed of conveyance must be considered as recorded since the deed itself was not before the court. In viewing it as a whole with attention to the wording and punctuation, it becomes obvious that the parties utilized a common form of wording for the conveyance and then inserted a limitation on the estate otherwise conveyed.

In this light, there first was a grant of "an undivided One Sixteenth (¹⁄₁₆) interest in and to all of the oil, gas and other minerals in and under and that may be

produced from the ... lands ...," together with the rights of ingress and egress for the enjoyment of the estate conveyed. If these words are considered alone in their usual meaning, they are construed to convey an undivided one-sixteenth ($\frac{1}{16}$) of the minerals in place, *Garrett v. Dils Company*, 157 Tex. 92, 299 S.W.2d 904, 906 (1957), the incidents of which are the owner's rights to drill for and produce oil, gas and other minerals, to execute leases to third persons, 3A Summers, *The Law of Oil and Gas* § 599, at 241 (2d ed. 1958), and to participate in lease benefits. *Alford v. Krum, supra,* at 873.

However, the parties injected in the midst of the continuing language of the mineral grant this specific provision: "But does not participate in any rentals or leases." Of course, since the parties intend every clause to have effect in evidencing their agreement, some meaning must be ascribed to this language. *Klein v. Humble Oil & Refining Co.,* 126 Tex. 450, 86 S.W.2d 1077, 1079 (1935). The meaning of the language, considered together with the isolated words of the mineral conveyance, limit the conveyance made by retaining in the grantor, and denying to the grantee, the rights to make leases, to receive bonuses paid therefor, and to receive delay rentals paid thereunder. *Watkins v. Slaughter,* 144 Tex. 179, 189 S.W.2d 699, 700 (1945). The effect is to strip the estate first granted of its characteristics as a mineral estate and to leave only royalty. Meyers, *The Effect of the Rule Against Perpetuities on Perpetual Non-Participating Royalty and Kindred Interests,* 32 Texas L.Rev. 369, 390 n. 69 (1954).

The foregoing construction of the 1938 deed as a grant and conveyance of an undivided one-sixteenth ($\frac{1}{16}$) royalty interest is the only construction that, as required by the controlling principles of construction, determines the intent of the parties from the four corners of the instruct by harmonizing and giving full effect to the language and every clause they used in all parts of the deed. Any attempt to construe the deed as a grant and conveyance of a mineral interest would create an ambiguity or destroy the certainty of the clause limiting the scope of the grant, which is not permissible. *Alford v. Krum, supra,* at 873.

The construction given the 1938 deed is not altered by the 1939 deed's recital of the conveyance of the land "save and except one-sixteenth ($\frac{1}{16}$) of the mineral, non-participating, which has previously been sold." The exception does not operate to convey title; it merely requires that the 1939 conveyance and the rights of the grantee thereunder yield and be subordinate to the legal operation and effect of the prior sale, *Lowe v. Ragland,* 156 Tex. 504, 297 S.W.2d 668, 672 (1957), which, as we have held in construing the 1938 deed, was an undivided one-sixteenth ($\frac{1}{16}$) royalty interest.

Accordingly, the trial court correctly construed the deeds. Appellants' four points of error are overruled.

The judgment is affirmed.