Hazel ALTMAN et al., Petitioners,

v.

W.R. BLAKE, III et al., Respondents.

No. C–5143.

Supreme Court of Texas.

June 25, 1986.

Huffaker, Green and Huffaker, Gerald Huffaker, Tahoka, for petitioners.

Carr, Evans, Fouts & Hunt, Donald M. Hunt, Lubbock, for respondents.

KILGARLIN, Justice.

Hazel Altman, Duncan B. Clark, and Ellen Dixon Clark present this court with one issue: whether a mineral interest conveyed in a deed by W.R. Blake, Jr. to his father is a one-sixteenth royalty interest or a one-sixteenth interest in the mineral fee. In a suit filed by Altman and the Clarks against the heirs of W.R. Blake, Sr., both sides moved for summary judgment. The trial court construed the deed to convey a one-sixteenth non-participating royalty interest to Blake, Sr., and rendered judgment for his heirs. The court of appeals affirmed the trial court judgment. 703 S.W.2d 420. Finding that the deed conveyed to Blake, Sr. a one-sixteenth interest in the mineral fee, we reverse the judgment of the court of appeals.

W.R. Blake, Jr. was the owner of the surface and the unsevered mineral estate of a 348-acre tract of land in Hockley County, Texas. On May 30, 1938, Blake, Jr. executed a mineral deed to his father, W.R. Blake, Sr. The granting clause of that lease provided:

W.R. Blake, Jr. ... does hereby grant, bargain, sell, convey, transfer, assign and deliver unto W.R. Blake, Sr., of Lubbock, Texas, hereinafter called Grantee (whether one or more) an undivided one-sixteenth (1/16) interest in and to all of the oil, gas and other minerals in and under and that may be produced from the following described land situated in Hockley County, State of Texas, to wit:

All of that certain tract or parcel of land being all of Labors 15 and 16, League 2, Jones County School Land, Hockley County, Texas.

*But does not participate in any rentals or leases,* containing 348 acres, more

or less, together with the rights of ingress and egress at all times for the purpose of mining, drilling, exploring, operating and developing said lands for oil, gas and other minerals, and storing, handling, transporting and marketing the same therefrom, with the right to remove from said land all of Grantee's property and improvements.

On January 14, 1939, Blake, Jr. executed a warranty deed conveying the 348-acre tract to D.A. Clark. The warranty deed described the property conveyed as:

All that certain tract or parcel of land being all of Labors 15 and 16, League 2, Jones County School Land, Hockley County, Texas, consisting of 348 acres, more or less, save and except one-sixteenth (1/16) of the minerals, non-participating, which has previously been sold.

The 348-acre Hockley County tract of land is now under an oil and gas lease, and a producing well has been completed. The oil and gas lease reserves to the lessors a one-eighth royalty. At issue in this case is the apportionment of that royalty between the Blake, Sr. heirs and the Clark heirs.

The heirs of D.A. Clark: Altman, Duncan Clark, and Ellen Clark, filed suit against the heirs of W.R. Blake, Sr.: W.R. Blake, III and Jacqueline Blake Beatty, to determine the interest conveyed to Blake, Sr. under the 1938 deed. The Clark heirs alleged that Blake, Sr. received a one-sixteenth ownership interest in the severed mineral estate and was therefore entitled to one-sixteenth of the one-eighth reserved royalty. The Blake heirs contended Blake, Sr. received a one-sixteenth royalty interest under the deed and therefore was entitled to a one-sixteenth royalty, or one-half of the one-eighth reserved royalty.

■ Neither the Clark nor the Blake heirs assert that the 1938 Blake deed is ambiguous. The construction of the deed is thus a question of law for the court. *Ulbricht v. Friedsam*, 159 Tex. 607, 325 S.W.2d 669 (1959). The primary duty of the courts in interpreting a deed is to ascertain the intent of the parties. But it is the intent of the parties as expressed within the four corners of the instrument which controls. *Alford v. Krum*, 671 S.W.2d 870, 872 (Tex.1984); *Peveto v. Starkey*, 645 S.W.2d 770, 772 (Tex.1982). In seeking to ascertain the intention of the parties, the court must attempt to harmonize all parts of a deed, since the parties to an instrument intend every clause to have some effect and in some measure to evidence their agreement. *Alford v. Krum*, 671 S.W.2d at 872.

The 1938 Blake deed first conveys "an undivided one-sixteenth (1/16) interest in and to all the oil, gas and other minerals in and under and that may be produced from" the 348–acre tract in Hockley County. The deed then purports to limit the interest conveyed, stating that the grantee "does not participate in any rentals or leases." Finally, the deed conveys to the grantee "the rights of ingress and egress at all times for the purpose of mining, drilling, exploring and developing said lands."

Obviously had the inserted language denying the grantee the rights to make leases and to receive delay rentals not been included in the deed, no one would dispute that the instrument conveyed only an undivided one-sixteenth interest in the mineral fee. The Blake heirs argue that precisely because this limiting language was included, the deed conveyed a royalty interest. They contend that the effect of the inserted language was to strip the estate first granted of its characteristics as a mineral fee and to leave only royalty.

■ There are five essential attributes of a severed mineral estate: (1) the right to develop (the right of ingress and egress), (2) the right to lease (the executive right), (3) the right to receive bonus payments, (4) the right to receive delay rentals, (5) the right to receive royalty payments. R. Hemmingway, *Law of Oil and Gas* §§ 2.1–2.5 (1971). By its express terms, the 1938 Blake deed reserves to the grantor attributes (2) and (4): the right to lease and the right to receive rentals.

■ This court has before recognized that a mineral interest shorn of the execu-

tive right and the right to receive delay rentals remains an interest in the mineral fee. *Delta Drilling Co. v. Simmons*, 161 Tex. 122, 338 S.W.2d 143 (1960). In *Delta Drilling*, this court held that the grantor of an undivided one-eighth interest in a severed mineral estate had reserved the exclusive right to lease the property along with the right to receive all delay rentals. Nonetheless, we concluded that the grantee was the owner of a mineral interest and therefore entitled only to one-eighth of the royalty reserved in an oil and gas lease and not to a one-eighth royalty.

The courts of appeals have consistently applied the logic and the rule of *Delta Drilling*. See *Grissom v. Guertersloh*, 391 S.W.2d 167 (Tex.Civ.App.—Amarillo 1965, writ ref'd n.r.e.); *Etter v. Texaco*, 371 S.W.2d 702 (Tex.Civ.App.—Waco 1963, writ ref'd n.r.e.). In both *Etter v. Texaco* and *Grissom v. Guetersloh*, the courts of appeals were presented with deeds in which the grantor reserved the executive right and the right to receive delay rentals. Despite these reservations, the courts concluded that the deeds conveyed mineral interests and not royalty interests to the grantees.

The Blake heirs argue that this case can be distinguished from *Delta Drilling, Etter*, and *Grissom*. They assert the 1938 Blake deed retains to the grantor not only the right to lease and the right to receive delay rentals, but also the right to receive bonus payments and the exclusive right to develop the minerals. First, the Blake heirs contend that a party can "participate" in a lease in at least two ways: (1) by executing a lease and (2) by receiving any bonus given as consideration for execution of the lease. Thus, they argue that the language in the 1938 Blake deed, "but does not participate in any . . . leases," prohibits the grantee from executing any oil and gas lease and from receiving any bonus. We find this argument unpersuasive.

The Blake heirs cite us to no authority which would support their definition of participation. If "participation" includes the right to receive bonus payments, why

would it not encompass all lease benefits, including the rights to receive royalties and delay rentals? The parties to the 1938 deed thought it necessary to expressly reserve to the grantor the right to retain delay rentals. This suggests they did not define "participation" so broadly. The 1938 deed does not reserve the right to receive bonuses, and it is not necessarily included within the term "participation." The Blake heirs certainly do not contend that they cannot participate in the royalty reserved under the lease.

The Blake heirs also argue that despite the express language of the 1938 deed, the grantee did not receive the right of ingress and egress because that right necessarily was reserved to the grantor as part of the power to lease. Whether this contention is correct or not, it cannot distinguish this deed from those construed by the courts in *Delta Drilling, Etter*, and *Grissom*. In all of those cases, the exclusive right to lease was retained by the grantor. If the right to lease includes the exclusive right of ingress and egress, that right was retained by the grantors in *Delta Drilling, Etter*, and *Grissom*.

The Blake heirs rely on *Watkins v. Slaughter*, 144 Tex. 179, 189 S.W.2d 699 (1945), to support their position that this deed conveys a royalty interest rather than a mineral interest. The deed in *Watkins* reserved to the grantor, Slaughter, a one-sixteenth interest in and to all of the oil, gas and other minerals in and under and that might be produced from the land. The deed then granted Watkins the exclusive right to lease and to collect bonus and delay rentals. Unlike in this case, however, the deed in *Watkins* unequivocally stated that the grantor should "receive the royalty retained herein only from actual production."

This court placed great emphasis on the parties' designation of Slaughter's retained interest as a royalty interest. There is no such direct language of royalty in the 1938 Blake deed. We believe the intent of the parties as expressed by the terms of this deed was to convey a mineral interest.

This case is much more analogous to *Delta Drilling, Etter,* and *Grissom,* and is controlled by those decisions.

We are aware that some jurisdictions and authorities have held that a deed purporting to grant a mineral interest, but reserving all the attributes of mineral ownership—the right to lease, the right to receive bonus, and the right to receive delay rentals—should be interpreted as conveying only a royalty interest. R. Hemmingway, *The Law of Oil and Gas* § 2.7(H) (1971). However, as we stated, we can find nothing to distinguish this deed from those interpreted by this court in *Delta Drilling* and by the courts of appeals in *Etter* and *Grissom.* The common law in Texas has been that a conveyance such as the one in this case is a conveyance of minerals and not of royalty. We recognize the necessity for stability and certainty in the construction of mineral conveyances.

Therefore, we hold that the 1938 Blake deed conveyed to W.R. Blake, Sr. a one-sixteenth interest in the mineral fee. We reverse the judgment of the court of appeals and render judgment that the Blake heirs, W.R. Blake, III and Jacqueline Blake Beatty, are entitled to one-sixteenth of the one-eighth royalty reserved under the oil and gas lease.