**BUFFALO RANCH COMPANY, LTD., et al., Appellants,**

**v.**

**Patience Chance THOMASON, et al., Appellees.**

**No. 01–86–0515–CV.**

Court of Appeals of Texas, Houston (1st Dist.).

March 12, 1987.

Rehearing Denied April 9, 1987.

M.M. Ottea Hearne, F. Franklin Honea, Payne & Vendig, Dallas, for appellants.

H. Carter Burdette, Allan Howeth, Evelyn Leopold, Cantey, Hanger, Gooch, Munn & Collins, Fort Worth, Barry F. Cannaday, Paul C. Watler, Jenkens & Gilchrist, Dallas, for appellees.

Before EVANS, C.J., and SAM BASS and LEVY, JJ.

## OPINION

EVANS, Chief Justice.

The basic issue in this case is whether a deed in appellants' chain of title reserved a mineral interest, as distinguished from a non-participating royalty interest. The appellees brought this action for a judicial declaration that the reserved interest is a mineral interest and to recover a proportional share of the lease bonus payment. The appellants responded with the claim that the deed reserved only a non-participating royalty interest. Both sides filed motions for summary judgment, asserting their respective positions, and the trial court granted the appellees' motion and overruled the appellants'. Thus, the court

determined, as a matter of law, that the reserved interest is an interest in the minerals and that the appellees are entitled to their proportional share of the lease bonus. We affirm the trial court's judgment.

The controlling facts are undisputed. In April 1976, the appellees executed a deed to appellants' predecessors in title conveying approximately 6,959.69 acres of land in Burleson County, Texas. This deed contained a "Reserved Mineral Interest" reservation, which provides:

> With respect to the conveyance of the property, Grantors reserve unto themselves, their successors, heirs and assigns, an individual one-half (½) interest in and to all of the oil, gas and other minerals and substances, whether of like kind or not, which are produced by extracting the same from the earth by drilling a hole or sinking a mine shaft (the "Reserved Mineral Interest") and Grantors likewise reserve unto themselves, their successors, heirs and assigns, an undivided one-half (½) interest in and to all of the royalty rights in and under each and every oil and gas lease encumbering the property as of the date hereof. Notwithstanding any provision to the contrary herein, it is expressly understood that Grantees, their heirs and assigns, shall have and enjoy exclusive, full and complete dominion and control over any executory rights to deal with the Reserved Mineral Interest, including but not limited to, the rights either to develop or not develop, or lease or not lease the Reserved Mineral Interest. Grantees shall have the exclusive power to execute and deliver any and all leasing contracts and agreements, either for the development of or the conservation of the Reserved Mineral Interest and Grantors shall not be a necessary or proper party to any such leasing contracts or agreements. Furthermore, it is expressly understood that by this conveyance, Grantees, their heirs and assigns, are being conveyed (i) the other undivided one-half (½) interest in the oil, gas, and other minerals and substances, whether of like kind or not, in, on and under the property, (ii) an undivided one-half (½) interest in and to all of the royalty rights in and under each and every oil and gas lease encumbering the property as of the date hereof, and (iii) all other minerals and substances whether of like kind or not, in, on and under the property, which may be produced by any method, including but not limited to, strip mining and other methods which may destroy the surface of the ground, including but not limited to, gravel, sand, lignite.... Any oil and gas lease to be executed by Grantees with respect to the property shall be for not less than a ⅛th (one-eighth) landowner's royalty.

■ The language of the reservation is unambiguous, because it can be accorded a certain legal meaning by applying appropriate rules of construction. *Diamond Shamrock Corp. v. Cone*, 673 S.W.2d 310 (Tex.App.—Amarillo 1984, writ ref'd n.r.e.). Therefore, the trial court properly determined the parties' intent, as a matter of law, based upon the language of the instrument. *See Altman v. Blake*, 712 S.W.2d 117 (Tex.1986); *R & P Enterprises v. LaGuarta, Gavrel & Kirk, Inc.*, 596 S.W.2d 517, 518–19 (Tex.1980).

The appellants assert several reasons in support of their contention that the language of the reservation shows the grantors' intent to reserve only a non-participating royalty interest. The appellants point to the use of the words "in and to," rather than "in and under," "all of the oil, gas, and other minerals and substances ... which are produced by extracting the same from the earth by drilling a hole or sinking a mine shaft ...," as evidencing the grantors' interest to reserve only an interest in the minerals *after* production. The appellants also argue that by expressly granting the executive right to develop and lease the minerals, the grantors "stripped" their reserved interest of any possessory qualities, leaving them with only a non-participating royalty interest. The appellants further argue that the last section of the reservation clause, which expressly reserved a royalty interest to the grantors, further indicates the intent to reserve only a royalty interest. They contend that because an

inherent quality of a mineral estate is the right to participate in royalties, it would have been redundant for the grantors to reserve a royalty interest if they had intended to reserve a mineral interest.

We overrule the appellants' contentions. The modifying language in the reservation clause—"which are produced by extracting the same from the earth by drilling a hole or sinking a mine shaft"—does not describe the *nature* of the interest being reserved; it merely describes the *kinds* of minerals that are subject to the reservation. The clause reflects the grantors' intent to reserve an interest in those minerals, such as oil and gas, that are extracted by drilling a hole or sinking a mine shaft, as distinguished from minerals obtained by strip mining or other surface destruction techniques. This interpretation is further supported by the subsequent provision in the reservation clause, which expressly conveys to the grantees "all other minerals and substances ... which may be produced by any method, including, but not limited to, strip mining and other methods which may destroy the surface of the ground, including but not limited to, gravel, sand, lignite...." By comparing the grantors' reserved interest with the corresponding interest expressly conveyed to the grantees, it is evident that the grantors intended to convey to the grantees all those kinds of minerals that are obtained by surface destruction methods, while reserving to themselves an undivided one-half interest in those minerals, such as oil and gas, that are extracted by the drilling of a hole or the sinking of a mine shaft.

■ The fact that the appellants did not retain development rights, or the right to ingress and egress, does not indicate an intent to reserve a non-participating royalty interest. The owner of a mineral estate possesses various interests, which may be separated, conveyed, or reserved as the owner deems proper. *Schlittler v. Smith*, 128 Tex. 628, 101 S.W.2d 543 (1937); *Martin v. Snuggs*, 302 S.W.2d 676 (Tex.Civ. App.—Fort Worth 1957, writ ref'd n.r.e.). Among the rights that may be expressly granted or retained is the executive right

to lease. *See Altman v. Blake*, 712 S.W.2d at 118–19; *Day & Co. v. Texland Petroleum Inc.*, 718 S.W.2d 384 (Tex.App.—Amarillo 1986, no writ). Thus, the owner of a mineral interest may grant the executive right to lease, and still be entitled to a proportional share of the lease bonus. *Houston v. Moore Investment Co.*, 559 S.W.2d 850 (Tex.Civ.App.—Houston [1st Dist.] 1977, no writ).

■ In construing the language of a deed, it must be assumed that the parties intended every clause to have some effect in evidencing their agreement. *Alford v. Krum*, 671 S.W.2d 870, 872 (Tex.1984). If different parts of the deed appear to be contradictory, the court will, if possible, harmonize those parts so that none of the provisions will be rendered meaningless. *R & P Enterprises v. LaGuarta, Gavrel & Kirk, Inc.*, 596 S.W.2d at 519; *Diamond Shamrock Corp. v. Cone*, 673 S.W.2d at 313.

■ Here, the parties explicitly labeled the reserved interest as a "Reserved Mineral Interest," a term clearly indicative of their intent to reserve a mineral, rather than a non-participating royalty, interest. *See Morriss v. First National Bank*, 249 S.W.2d 269, 275 (Tex.Civ.App.—San Antonio 1952, writ ref'd n.r.e.).

■ The summary judgment record shows that the appellees made an express reservation of a mineral interest in certain types of minerals, labeled the reservation as such, and then made an express conveyance to the grantees of the "other" one-half interest in those types of minerals. If the grantors had intended to reserve only a non-participating royalty interest, their express grant of the "other" one-half interest in such minerals, and their grant of the executive rights covering the entire mineral estate, would have been superfluous.

We hold that the trial court properly determined, as a matter of law, that the appellees owned an undivided one-half mineral interest in the land and were due their proportional share of the lease bonus payment.

We overrule the appellants' four points of error.

The judgment of the trial court is affirmed.