**PRAIRIE PRODUCING CO., et al., Appellants,**

v.

**David A. SCHLACHTER, et al., Appellees.**

No. 9730.

Court of Appeals of Texas, Texarkana.

Jan. 30, 1990.

Rehearing Denied Feb. 27, 1990.

Geoffrey H. Bracken, Jerry A. DeVault, Houston, Donald Carroll, Tyler, for Prairie Producing Co.

Charles Clark, Law Offices of Charles H. Clark, Tyler, for appellees.

Lisa L. Bagley, Houston, for Conoco, Inc.

CORNELIUS, Chief Justice.

The principal question to be decided in this appeal is whether a deed conveyed a

mineral interest or a royalty interest. We conclude that the deed conveyed a mineral interest and accordingly reverse the judgment of the trial court which held to the contrary.

On July 14, 1934, Mrs. J. H. Riner and B. E. Riner and wife executed a deed to R. R. MacDonald which conveyed an interest in a 675.4 acre tract and a 46.05 acre tract in Wood County. The deed is titled "Mineral Deed," and states in its granting clause that the interest conveyed is "an undivided one-half interest in and to all of the oil, gas and other minerals in and under and that may be produced" from the land described.

The deed also contains the following paragraphs:

Together with the right of ingress and egress at all times for the purpose of mining, drilling and exploring said land for oil, gas, and other minerals, and removing the same therefrom.

Said land now being under an oil and gas lease executed in favor of R. R. MacDonald, it is understood and agreed that this sale is made subject to the terms of said oil and gas lease, but it is intended that said Mrs. J. H. Riner, a widow and B. E. Riner joined by his wife Julia Riner shall and hereby does grant, sell, convey, assign and deliver unto said R. R. MacDonald a one-half interest in and to any and all royalties, incomes, interests and benefits of every kind and character accruing and to accrue under the provisions of said oil and gas lease, save and except delay rentals to extend the time within which a well may be commenced under the terms of said oil and gas lease and bonus monies paid upon and for the execution of said lease. No part of which delay rentals and bonus monies is intended hereby to be conveyed.

In the event the aforesaid oil and gas lease, for any reason, becomes cancelled or forfeited then and in that event an undivided one-half interest in and to any and all future royalties, incomes, interests and benefits of every kind and character accruing or to accrue under the provisions of any and all future oil and gas leases hereafter placed upon the afore described (sic) land shall be owned by said R. R. MacDonald, save and except delay rentals to extend the time within which a well may be commenced under the terms of any such oil and gas lease and bonus monies paid and to be paid upon and for the execution of any such oil and gas lease, no part of which said delay rentals and bonus monies is intended hereby to be conveyed.

The said Grantee to own the undivided one-half interest in future oil and gas leases hereafter placed upon said land as aforesaid, together with and incident to said undivided one-half interest in and to all of the oil, gas and other minerals in and under and that may be produced from afore described (sic) land.

R. R. MacDonald conveyed to Atlatl Royalty Company, by instrument identical to the Riner deed except for date and parties, the interest he acquired by the Riner deed. Ultimately, the interest became vested in eight different parties, six of whom leased their respective undivided interests to Prairie Producing Company in 1986. Prairie Producing Company included the 46.05 acre tract in the G. R. Garrett Trust Unit No. 1. The remaining interest owned by the Riners was conveyed to L. J. Carothers in 1939. Ultimately, David and Mona Schlachter acquired an undivided three fourths of that interest. The Schlachters leased their interest in 1983 to a corporation owned by them, and after this suit was filed they drilled a producing well on the 46.05 acre tract.

The Schlachters filed suit seeking a declaratory judgment that the Riner deed conveyed a royalty interest rather than a mineral interest. Prairie Producing Company and others claiming under the MacDonald interest filed a counterclaim seeking a declaration that the deed conveyed a mineral interest.

All parties moved for summary judgment. The trial court severed the claims with respect to the 46.05 acre tract and rendered summary judgment for the Schlachters, declaring that the deed conveyed only a royalty interest as to that tract.

■ In interpreting a deed we must ascertain and enforce the intention of the parties. *Alford v. Krum*, 671 S.W.2d 870 (Tex.1984); *Smith v. Graham*, 705 S.W.2d 705 (Tex.App.–Texarkana 1985, writ ref'd n.r.e.). However, the controlling intention is not the subjective intention the parties may have had but failed to express, but the intention actually expressed in the deed; that is, the question is not what the parties meant to say, but the meaning of what they did say. *Alford v. Krum*, supra; *Smith v. Graham*, supra.

■ Moreover, in ascertaining the intention of the parties, we must attempt to harmonize all parts of the deed. If it is impossible to harmonize internally inconsistent expressions in the deed, then we must give effect to the controlling language. The controlling language, and consequently the key expression of intent, is found in the granting clause. It defines the nature of the estate granted. *Alford v. Krum*, supra; *Texas Pacific Coal & Oil Company v. Masterson*, 160 Tex. 548, 334 S.W.2d 436 (1960).

The granting clause of the deed in question here conveys "an undivided one-half interest in and to all of the oil, gas and other minerals in and under and that might be produced" from the land described in the deed. Such language grants a fee interest in the minerals in place. *Altman v. Blake*, 712 S.W.2d 117 (Tex.1986); *Alford v. Krum*, supra; *Smith v. Graham*, supra, and cases there cited.

The Schlachters argue that other paragraphs in the Riner deed reveal an intention to convey only a royalty interest, i.e., an interest only in the production to be obtained from the land rather than a fee interest in the minerals. The paragraphs generally provide for these things:

(1) The land is subject to an existing lease, but conveys to MacDonald one half of the royalties and rights accruing under said lease, except delay rentals and bonus money;

(2) As to future leases, MacDonald is conveyed one half of the royalties and other rights, except delay rentals and bonus money paid for the execution of leases; and

(3) MacDonald is to own an undivided one-half interest in future leases "together and incidental to said undivided one-half interest" in and to all of the oil, gas and other minerals and that may be produced from said land.

The provisions referred to are consistent with the conveyance of a fee interest in the minerals and do not conclusively express an intention to convey only royalty.

■ There are five attributes of a severed mineral estate: (1) the right to explore and develop (the right of ingress and egress), (2) the right to lease (the executive rights), (3) the right to receive bonus payments, (4) the right to receive delay rentals, and (5) the right to receive royalty. *Altman v. Blake*, supra. When a fee mineral interest is conveyed, those attributes and rights are impliedly conveyed as well, unless they or some of them are specifically reserved. *Day & Company, Inc. v. Texland Petroleum, Inc.*, 32 Tex.Sup.Ct.J. 549, 1989 WL 75258 (July 12, 1989); *Tenneco Oil Company v. Alvord*, 416 S.W.2d 385 (Tex.1967); *Schlittler v. Smith*, 128 Tex. 628, 101 S.W.2d 543 (Tex.Comm'n App. 1937, opinion adopted).

■ In the deed before us, all of the attributes are passed to MacDonald except the right to delay rentals and the right to bonus monies for the execution of new leases, which are expressly reserved. The reservation of these attributes is not inconsistent with the conveyance of a mineral interest and does not relegate the interest conveyed to a mere royalty interest. *Altman v. Blake*, supra. Indeed, the rights expressly granted and reserved in this instance would be inconsistent with the conveyance of a mere royalty interest. For example, the right of ingress and egress for the purpose of mining and drilling is conveyed. A royalty owner has no right to explore and drill. *Schlittler v. Smith*, supra; *Arnold v. Ashbel Smith Land Company*, 307 S.W.2d 818 (Tex.Civ.App.–Houston 1957, writ ref'd n.r.e.). The right to rentals and bonuses is withheld. If a royalty interest had been intended, there

would have been no need to reserve rentals and bonuses, because a royalty interest does not share in bonuses and rentals unless the conveyance or reservation specifically provides otherwise. *Schlittler v. Smith,* supra.

Although all parties to the appeal contend that the Riner deed is unambiguous, the trial court found that it was ambiguous, and, on the basis of a ratification agreement executed by Atlatl Royalty Company to Gulf Oil Corporation in 1948 when Atlatl owned the interest in question, found that it was the intention of the conveyance to grant only a royalty interest. Atlatl stated in the ratification that the interest it had acquired from MacDonald under the Riner deed was a one-sixteenth nonparticipating royalty interest. On the other hand, the deeds by which Prairie Producing Company's lessors acquired their interests designated the interests as mineral interests.

■ The Riner deed is not ambiguous. An instrument is ambiguous only when the application of pertinent rules of construction leaves it genuinely uncertain which one of two reasonable meanings is the proper one. *Universal C.I.T. Credit Corp. v. Daniel,* 150 Tex. 513, 243 S.W.2d 154 (1951). If the instrument can be harmonized and given a definite and certain meaning, it is not ambiguous. *Lewis v. East Texas Finance Co.,* 136 Tex. 149, 146 S.W.2d 977 (1941). As we have demonstrated earlier, the Riner deed is capable of being construed as having a definite and certain meaning.

■ Moreover, extraneous evidence may not be used to render a deed ambiguous which on its face is clear and definite. *Miles v. Martin,* 159 Tex. 336, 321 S.W.2d 62 (1959). As the deed is not ambiguous, extraneous evidence was not admissible to create an ambiguity or aid in its interpretation. *Superior Oil Co. v. Stanolind Oil & Gas Co.,* 150 Tex. 317, 240 S.W.2d 281 (1951).

■ Additionally, if the other paragraphs could be construed to be in conflict with the granting clause, it would not be permissible to give them controlling effect and thus overturn the clear and explicit intention of the parties as expressed by the controlling language, the granting clause. *Alford v. Krum,* supra.

■ The Schlachters' motion for summary judgment also urged that they were entitled to a declaration that Prairie Producing Company and its lessors had no interest in the property in question because the Riner and subsequent deeds contained legally insufficient descriptions of the land. The trial court's judgment did not specifically address the sufficiency of the description issue, but it did declare that Prairie Producing Company and its lessors "have no right, title or interest ... as to the 46.05 acre tract," so the court must have concluded that the descriptions were insufficient. Prairie Producing Company thus asks us to reverse that judgment and render judgment on the basis that the descriptions in the deeds are legally sufficient.

The only summary judgment proof submitted by the Schlachters in support of their motion for summary judgment on the description issue was a copy of a plat referred to in the descriptions and an assertion that, as the plat had no markings or other identifying data on it, it was not sufficient to enable one to locate the land in question. Prairie Producing Company ultimately responded to the Schlachters' motion on this issue and attached plats, other documents, and an affidavit of Bill Burton, a licensed surveyor, showing that the tract could be identified and located by the references contained in the descriptions found in the deeds. Thus, Prairie Producing Company successfully countered the Schlachters' summary judgment proof on this issue. We are unable to render judgment for Prairie Producing Company on this phase of the case, however. The summary judgment evidence at best raised a fact issue as to the adequacy of the descriptions. Summary judgment should not be based on a trial by affidavit or the weighing of contradictory summary judgment evidence. *Gulbenkian v. Penn,* 151 Tex. 412, 252 S.W.2d 929 (1952); *Wylie v. Reed,* 579 S.W.2d 329 (Tex.Civ.App.–Waco 1979),

*aff'd,* 597 S.W.2d 743 (Tex.1980); Tex.R. Civ.P. 166a. Since the Schlachters did not conclusively demonstrate by summary judgment proof that the descriptions are inadequate, that phase of the case must be remanded for trial on the merits.

For the reasons stated, the judgment of the trial court is in all things reversed. Judgment is here rendered that the deed from Mrs. J. H. Riner and B. E. Riner and wife, Julia Riner, to R. R. MacDonald, dated July 14, 1934, and recorded in Volume 147, Page 308 of the Deed Records of Wood County, Texas, conveyed an undivided one half of the minerals in and under the 46.05 acre tract described in said deeds, together with the executive rights to lease said interest and to receive one half of the royalties payable under any lease of said interest, but excluding the right to delay rentals and bonus money paid for or under leases covering that interest.

The issues as to the sufficiency of the descriptions in the Riner and MacDonald deeds and the validity of other deeds attacked by the Schlachters are severed and that phase of the case is remanded to the trial court for trial of that issue on the merits.

It is so ordered.