Marcia Fuller **FRENCH**, Trustee of
the W.M. Fuller Management
Trust, Appellant,

v.

**CHEVRON USA, INC., et al., Appellees.**

No. 08–93–00110–CV.

Court of Appeals of Texas,
El Paso.

Feb. 9, 1994.

Rehearing Overruled March 9, 1994.

H. Allen Pennington, Jr., Law, Snakard &
Gambill, P.C., Ft. Worth, for appellant.

G. Alan Kramer, Houston, Thomas M. Callan, Dallas, Letitia H. White, Houston, John
A. 'Jad' Davis, Kemp, Smith, Duncan &
Hammond, Midland, T. Michael Wall,
Hutcheson & Grundy, L.L.P., Houston, Richard E. Booth, William B. Browder, Jr.,
Stubbeman, McRae, Sealy, Laughlin &
Browder, Midland, David K. Lawrence,
Houston, for appellees.

Before KOEHLER, BARAJAS and
LARSEN, JJ.

## OPINION

LARSEN, Justice.

This appeal involves construction of a mineral deed. Finding the trial court correctly
decided the deed in question conveyed a mineral interest with reservation of certain
rights, rather than a royalty interest, we
affirm.

## FACTS

George Calvert owned a 1/32 mineral interest in the Edwards Ranch, 32,808.5 acres in

Crane and Ward Counties, Texas. On July 15, 1943, Calvert deeded a 1/656.17th interest to Capton M. Paul. The deed from Calvert to Paul provided in part:

MINERAL DEED §
GEORGE CALVERT §
TO §
CAPTON M. PAUL §

. . . . .

That I, GEORGE CALVERT, of the County of Tarrant, State of Texas, for and in consideration of the sum of Ten Dollars ($10.00) cash to me in hand paid by CAPTON M. PAUL, the receipt of which is hereby acknowledged, have and by these presents do grant, bargain, sell, convey, set over, assign and deliver unto CAPTON M. PAUL, an undivided Fifty (50) Acre interest, being an undivided 1/656.17th interest *in and to all of the oil, gas and other minerals, in, under and that may be produced from the following described lands,* situated in Crane and Ward Counties, State of Texas. . . .

*It is understood and agreed that this conveyance is a royalty interest only, and that neither the Grantee, nor his heirs or assigns shall ever have any interest in the delay or other rentals or any revenues or monies received or derived or to be received or derived from the leasing of said lands present or future or any part thereof, or the renewal or extension of any lease or leases now on said lands or any part thereof. Neither the Grantee herein nor his heirs or assigns shall ever have any control over the leasing of said lands* or any part thereof or the renewal or extending of any lease thereon or for the making of any lease contract to develop or prospect the same for oil, gas or other minerals, *which is hereby specifically reserved in the Grantor.* [Emphasis added].

All parties filed motions for summary judgment. The trial court denied plaintiffs' motion, except to find that the case was the proper subject of a declaratory judgment action. The trial court granted defendants' summary judgment, finding that the deed was unambiguous, and that it:

[C]onveyed to Capton M. Paul a 1/656.17 mineral interest, while reserving to the Grantor all leasing rights, bonus and delay rentals, entitling Capton M. Paul, his successors and assigns, to a 1/656.17 of royalties payable under any oil, gas, and mineral lease, on the lands described in the Subject Instrument whether executed before or after this deed.

The parties present this Court one question on appeal: Did the Calvert/Paul deed transfer a mineral interest with reservations, or did it transfer a royalty interest only? The trial court decided that Calvert transferred a mineral interest with reservations. We agree.

### STANDARD OF REVIEW

■ In reviewing the trial court's grant of summary judgment, we are governed by the following well-established principles: (1) The movant for summary judgment bears the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law; (2) evidence favorable to the nonmovant will be taken as true; and (3) inferences must be indulged in favor of the nonmovant. *Nixon v. Mr. Property Management Company,* 690 S.W.2d 546, 548–49 (Tex.1985). Both sides of this dispute agree that the deed is unambiguous; its construction is therefore a question of law for the court. *Altman v. Blake,* 712 S.W.2d 117, 118 (Tex.1986). Our primary duty in interpreting the deed is to ascertain the intent of the parties, as expressed within the four corners of the instrument. *Id.; Alford v. Krum,* 671 S.W.2d 870, 872 (Tex. 1984). In ascertaining the intention of the parties, we must attempt to harmonize all parts of a deed, as we assume the parties intend each clause of a document to have some effect and in some measure evidence their agreement. *Id.*

### INTEREST CONVEYED BY DEED

■ In Texas, a mineral estate possesses five essential attributes: (1) the right to develop; (2) the right to lease; (3) the right to receive bonus payments; (4) the right to receive delay rentals; and (5) the right to receive royalty payments. *Altman,* 712 S.W.2d at 118, *citing* R. Hemmingway, *Law of Oil and Gas,* §§ 2.1–2.5 (1971). Each

attribute is an independent property right, may be severed into a separate interest, and may be separately conveyed or reserved by the owner. *Extraction Resources, Inc. v. Freeman,* 555 S.W.2d 156, 158–159 (Tex.Civ. App.—El Paso 1977, writ ref'd n.r.e.). When an owner conveys a mineral estate, all attributes are impliedly transferred as well unless they are specifically reserved to the grantor. *Prairie Producing Co. v. Schlachter,* 786 S.W.2d 409, 412 (Tex.App.—Texarkana 1990, writ denied).

We find the case of *Altman* dispositive here. In that case, a deed transferred:

> [A]n undivided one-sixteenth (1/16) interest in and to all of the oil, gas and other minerals in and under and that may be produced from the following described land....
>
> But does not participate in any rentals or leases.... *Id.* at 117.

The grantee's heirs in *Altman* relied upon the authority of *Watkins v. Slaughter,* 144 Tex. 179, 189 S.W.2d 699 (1945) in arguing this language conveyed a royalty interest, rather than a mineral interest. Appellants here do the same. The *Altman* Court distinguished *Watkins,* however, holding there, the deed unequivocally stated the grantor should "receive the royalty retained herein only from *actual production.*" [Emphasis added]. This direct language of royalty distinguished the *Watkins* deed from others. Courts have consistently held that it was the term "actual production" which evinced a royalty interest in the *Watkins* case. They have consistently refused to find a royalty, rather than mineral, conveyance in deeds which do not specifically refer to production. *See Grissom v. Guetersloh,* 391 S.W.2d 167, 168 (Tex.Civ. App.—Amarillo 1965, writ ref'd n.r.e.); *Etter v. Texaco, Inc.,* 371 S.W.2d 702, 706 (Tex.Civ. App.—Waco 1963, writ ref'd n.r.e.). In *Altman,* the Supreme Court concluded that a deed provision reserving certain rights (there, to control leasing and receive delay rentals) did not change the character of the conveyance from a mineral estate to a royalty interest. We think the same is true here.

We also find the case of *Schlachter,* 786 S.W.2d at 412–13 persuasive. There, in language like that used in this case, grantor conveyed "an undivided one-half interest in and to all of the oil, gas and other minerals in and under and that may be produced" from the land. *Id.* at 411. The deed expressly conveyed the right of ingress and egress (development), and reserved the rights to delay rentals and bonuses. The Schlachters argued that they possessed a royalty interest, but the Texarkana Court held otherwise, finding:

> The reservation of these attributes [delay rentals and bonus payments] is not inconsistent with the conveyance of a mineral interest and does not relegate the interest conveyed to a mere royalty interest. *Altman v. Blake. Indeed, the rights expressly granted and reserved in this instance would be inconsistent with the conveyance of a mere royalty interest.* For example, the right of ingress and egress for the purpose of mining and drilling is conveyed. A royalty owner has no right to explore and drill. [Citations omitted]. The right to rentals and bonuses is withheld. *If a royalty interest had been intended, there would have been no need to reserve rentals and bonuses,* because a royalty interest does not share in bonuses and rentals unless the conveyance or reservation specifically provides otherwise. *Schlachter,* 786 S.W.2d at 412–13. [Emphasis added].

This reasoning applies equally well here. If Calvert had intended to convey a royalty interest only, there would have been no need to reserve the rights to receive delay rentals and execute leases. Moreover, the Calvert deed is silent as to conveyance of the right to develop. That right was therefore impliedly transferred to the grantee. *Schlachter,* 786 S.W.2d at 412. This, too, is inconsistent with the transfer of a royalty interest only.

■ We find that the general language of conveyance used in the Calvert/Paul deed, "in and to all of the oil, gas and other minerals, in, under and that may be produced ..." transferred a mineral interest. The reservation of delay rentals and leasing rights did not convert the transfer to one of the royalty interest. Even the language "this conveyance is a royalty interest only" cannot serve to create a royalty interest without an express reference to royalties for *actual pro-*

*duction* of minerals, the controlling factor in *Watkins*. We therefore hold that the trial court correctly granted Appellees' motion for summary judgment, and correctly denied Appellant's motion for summary judgment. Capton M. Paul's successors in interest are entitled to 1/656.17th of royalties payable under any applicable lease, not 1/656.17th of all mineral production.

## CONCLUSION

The common law in Texas is that deed language such as used here conveys a mineral interest with reservations, not a royalty interest. *Altman,* 712 S.W.2d at 120. We therefore overrule Points of Error One through Four and affirm the trial court's judgment.