**T. Alan HART**

v.

**UNITED STATES of America.**

No. 1:95CV735.

United States District Court,
E.D. Texas,
Beaumont Division.

Sept. 27, 1996.

Kip Kevin Lamb, Susan J. Oliver, Alex J. Stelly, Hubert Oxford, III, Benckenstein & Oxford, Beaumont, for plaintiff.

Lavon L. Jones, U.S. Attorney's Office, for defendant.

## ORDER

FOLSOM, District Judge.

CAME ON TO BE HEARD THIS DAY Defendant's Motion for Summary Judgment. This Court after reviewing the motion, response, supporting affidavits, and pleadings on file, finds that the motion is well taken.

## I. BACKGROUND

This is a declaratory judgment action in which T. Alan Hart, Plaintiff requests the Court to construe the legal effect of a flowage easement granted to the United States of America, Defendant. Plaintiff seeks a declaration allowing him to construct a structure for human habitation above elevation 179 feet means sea level ("m.s.l.") without interfering or abridging the flowage easement held by Defendant. Defendant now brings this motion for summary judgment contending that the easement prohibits Plaintiff's proposed actions.

## II. SUMMARY JUDGMENT

Summary judgment is appropriate when the movant is able to demonstrate that the pleadings, affidavits and other evidence available to the Court establish that there are no genuine issues of material fact, and the moving party is entitled to judgment as a matter of law. FED.R.CIV.P. 56(C). The movant bears the responsibility of informing the district court of the basis for its motion and identifying those portions of the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact. *Topalian v. Ehrman*, 954 F.2d 1125 (5th Cir.1992), *cert. denied*, 506 U.S. 825, 113 S.Ct. 82, 121 L.Ed.2d 46 (1992).

The nonmovant is not required to respond to a motion for summary judgment until the movant first meets its burden of demonstrating that there are no factual issues warranting trial. *Ashe v. Corley*, 992 F.2d 540 (5th Cir.1993). Once the movant has shown the absence of material fact issues, however, the opposing party has a duty to respond, via affidavits or other means, asserting specific facts showing that there is a genuine issue for trial. FED.R.CIV.P. 56(e). It is not enough for the party opposing summary judgment to rest on mere conclusory allegations or denials in his pleadings. *Topalian, supra* at 1131. The nonmovant must point out, with factual specificity, evidence demonstrating the existence of a genuine issue of material fact on every component of the nonmovant's case. *Dunn v. State Farm & Casu-*

*alty Co.,* 927 F.2d 869, 872 (5th Cir.1991). If the nonmoving party fails to make a sufficient showing on an essential element of his case with respect to which he has the burden of proof, the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 2551, 91 L.Ed.2d 265 (1986). In assessing the proof, the court views the evidence in the light most favorable to the nonmovant. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986).

## III. DISCUSSION

■■■ Texas law provides that the determination of whether a contract or deed is ambiguous is a question of law. *Temple–Inland Forest Products Corp. v. United States,* 988 F.2d 1418, 1421 (5th Cir.1991). The interpretation of a contract or deed found to be unambiguous is also a question of law. *Id.* A writing is not ambiguous because the parties disagree about its correct interpretation. *Id.* "An instrument is ambiguous only when the application of pertinent rules of construction leaves it genuinely uncertain which one of two reasonable meanings is the proper one." *Prairie Producing Co. v. Schlachter,* 786 S.W.2d 409, 413 (Tex. App.—Texarkana 1990, writ denied).

■■■ The Court's primary duty in construing a deed is to ascertain the intent of the parties from all of the language in the deed by a fundamental rule of construction known as the "four corners" rule. *Luckel v. White,* 819 S.W.2d 459 (Tex.1991). The controlling intention is "not the subjective intention the parties may have had but failed to express, but the intention actually expressed in the deed; that is, the question is not what the parties meant to say, but the meaning of what they did say." *Prairie Producing Co., supra* at 412. When seeking to ascertain the intention of the parties the Court must attempt to harmonize all parts of the deed because the parties to an instrument intend every clause to have some effect and in some measure to evidence their agreement. *Luckel, supra* at 463. Further, when the intent of the parties is unclear and there is doubt as to the proper construction of a deed or a reser-

vation in a deed, the rules of construction instruct that the doubt should be resolved against the grantor. *Temple–Inland, supra* at 1423.

In support of its motion for summary judgment, Defendant contends that the flowage easement deed before the Court is unambiguous. Defendant asserts that a clause in the reservation clause in the deed plainly prohibits "any structure for human habitation," evidencing the intent to limit the reservation of rights in the grantor and successors to the grantor. The relevant language provides:

> reserving, however, to the owners of the described land all such rights and privileges as may be used and enjoyed without interfering with or abridging the rights and easements conveyed to the United States of America, provided that no structure for human habitation shall be permitted to remain or be constructed on said lands....

Defendant argues that because the terms of the easement deed are clear and unambiguous in their prohibition of any structure for human habitation, there are no factual issues to be decided. The case becomes simply one of deed construction and, therefore, a question of law for the Court.

Plaintiff agrees with Defendant that the construction of an unambiguous writing granting an easement is a question of law, and that the flowage easement deed before the Court is unambiguous. Yet, Plaintiff maintains that he is entitled to build a house above 179 m.s.l. pursuant to the terms of the deed. Plaintiff relies on language following the reservation clause that describes the lands subject to the flowage easement:

> said lands being described as follows: *Tract NO. 104E–5* A tract of land situated in the County of Jasper, State of Texas, and being a part of the Lewis Letney Survey (A–344), and being all that portion of the following described land lying below elevation 179 feet m.s.l....

Plaintiff asserts the unambiguous language of the easement does not prohibit structures for human habitation on all of the Plaintiff's property. The prohibition of structures for human habitation on "said lands," applies

only to the land described, which is below 179 feet m.s.l. and does not convey any rights or privileges to the Defendant above 179 feet m.s.l. Plaintiff contends that he does not seek to construct a structure for human habitation on "said lands" but rather above 179 feet m.s.l. Finally, Plaintiff insists that the issue of whether a particular activity or use by the servient owner below 179 feet m.s.l. interferes with the use of the easement holder is clearly a question of fact, inappropriate for summary judgment.

The crux of the dispute between the parties concerns the correct interpretation of the two clauses at issue in the deed; the one prohibiting structures for human habitation and the other describing the lands subject to the flowage easement. The fact that the parties disagree about the correct interpretation does not render the deed ambiguous. The Court agrees with the parties that the deed is unambiguous, because applying the appropriate rules of construction provides a certain legal meaning to its language. Accordingly, the construction of this unambiguous document is a question of law for the Court.

The rules of construction instruct the Court to ascertain the intent of the parties by harmonizing all parts of the deed. The intent to prohibit structures for human habitation on the described land is clear from the language in the reservation clause. Plaintiff urges that this intention only applies to the "said land" described as being below 179 feet m.s.l. The Court finds that this narrow reading conflicts not only with the intention to prohibit the construction of human structures, but also with the primary intention of the deed to grant Defendant a flowage easement. To allow Plaintiff to elevate the land by landfill or to build a structure on concrete pilings above 179 m.s.l. would clearly interfere with Defendant's easement rights manifest in other provisions of the deed:

the full, complete and perpetual right and easement to occasionally overflow, flood and submerge the land hereafter described ... reserving, however, to the owners of the described land all such rights and privileges as may be used and enjoyed *without interfering with or abridging the rights*

*and easements* conveyed to the United States of America. (emphasis added).

Thus, when all the parts of the deed are construed together, it is clear that the intention of the instrument precludes Plaintiff's proposed actions. In addition, even if the underlying intent in the deed were unclear the rules of construction demand that the Court resolve that doubt against the grantor, Plaintiff.

It appears that the Fifth Circuit has not construed a similar flowage easement. Yet, the factually similar Tenth Circuit case, *United States v. Fisher–Otis Company, Inc.,* 496 F.2d 1146 (1974), supports this Court's interpretation of the deed. In *Fisher–Otis,* the Plaintiff United States sought declaratory judgment that Defendants' use of earth fill to raise the elevation of land below 602 m.s.l. to above that level could not circumvent Plaintiff's flowage easement prohibition against construction for human habitation on land with a pre-fill elevation below 602 m.s.l. *Id.* at 1148. Plaintiff also contended that the use of such landfill was, of itself, in violation of its easement permitting it occasionally to overflow, flood and submerge the land covered by the easement. *Id.*

Affirming judgment for Plaintiff, the 10th Circuit held:

The plain language of the easement deed provided that "... no structures for human habitation shall be constructed or maintained ..." within the flowage easement areas, and the District Court properly ruled that the building of such structures contravenes the terms of the easement. There is nothing ambiguous about this provision of the deed and defendants' arguments to the contrary are without merit ... In any event, it is clear that the Government's flowage easement prohibits the use of landfill to raise the surface elevation of land below 602 m.s.l. to above that level in order to build structures for human habitation. Any such claimed right, carried to its logical conclusions, would allow the removal of all lands presently within the easement areas, and consequently would permit the destruction of the Government's easement. The United States acquired the flowage easement in order to be able to overflow, flood and submerge

the lands in question in connection with its operation and maintenance of the Eufala Reservoir on the Canadian River. The use of landfill to raise the elevation of property above 602 m.s.l., thereby removing it from the flowage easement area, is a material interference with the Government's rights under the flowage easement deed. In our view, such landfilling violates, in general, the overall intent and purpose of the Government's easement.

*Id.* at 1152.

The Court adopts the reasoning employed by the Tenth Circuit and finds Plaintiff's attempts to distinguish *Fisher–Otis* without merit.

In sum, applying the appropriate rules of construction provides a legally certain meaning to the terms of the flowage easement deed so that it is unambiguous as a matter of law. Carrying out its duty as a matter of law to construe the terms of the flowage easement, the Court finds that the intention of the deed is to prohibit Plaintiff's proposed actions. It is therefore

ORDERED, ADJUDGED and DE-CREED that Defendant's Motion for Summary Judgment is hereby in all things GRANTED.