**UNITED STATES of America,**

v.

**AUSTIN TWO TRACTS, L.P., a Texas limited partnership.**

No. 4:00CV373.

United States District Court, E.D. Texas, Sherman Division.

Oct. 22, 2002.

Lavon L Jones, AUSA, Beaumont, TX, for plaintiff.

Richard A Illmer, Brown McCarroll & Oaks Hartline, Arthur F Selander, Quilling Selander Cummiskey & Lownds PC, Dal-

las, TX, for a Texas limited partnership defendant.

## MEMORANDUM OPINION AND ORDER

PAUL N. BROWN, District Judge.

On this day came on for consideration Motion of United States for Summary Judgment Renewed and Extended to Encompass Amended Counterclaim, and the Court having considered the motion, the memorandum of law in support of the motion, the Defendant's response, and all pleadings filed with respect to the original motion for summary judgment filed by the United States, is of the opinion that the motion should be granted.

### INTRODUCTION

This is an action by the United States of America ("the Government") to require the Defendant, Austin Two Tracts, L.P., a Texas limited partnership ("Austin") to remove gravel, dirt and other fill material allegedly placed by Austin within the boundaries of a flowage easement owned by the Government. Austin acquired an 11.44 acre parcel of land ("the property") in March of 1998, which was burdened with this flowage easement. This flowage easement is a part of the Grapevine Dam and Reservoir operated and administered by the United States Army Corps of Engineers. The Government acquired the fee simple title to this and other land for the construction and operation of the Grapevine Dam and Reservoir Project, but on April 18, 1961, the Government executed a quitclaim deed to Emma Heath quitclaiming its interest to three parcels of land with acreages of 262.17 acres, 31.69 acres, and 10.70 acres, reserving to itself a flowage easement over all lands and premises below an elevation of 573 feet mean sea level. The quitclaim deed contained the following reservation:

(1) There shall be reserved to the Government the perpetual right and easement to occasionally overflow, flood, and submerge the herein described lands below an elevation of 573 feet, mean sea level, there being 232.56 acres, more or less, in Parcel No. 1; 25.03 acres, more or less, in Parcel No. 2; and 10.70 acres, more or less, in Parcel No. 3, lying below said elevation.

(2) In connection with the above reserved easement, no structure for human habitation shall be constructed or maintained on the herein described lands below an elevation of 573 feet, mean sea level.

(3) With respect to said land and in connection with the above reserved rights and easements, the written consent of the representative of the United States in charge shall be obtained for the type and location of any structure and/or appurtenances thereto now existing or to be erected or constructed below an elevation of 573, mean sea level.

(4) There shall be reserved to the Government the perpetual right to maintain mosquito control and to enter upon the said land for this purpose below an elevation of 573 feet, mean sea level.

Austin's parcel of land is a part of the land quitclaimed to Emma Heath.

Austin has filed a counterclaim requesting equitable relief in the form of the Court's ordering the Corps of Engineers to implement a remediation plan which would require a modification of the flowage easement. In its amended counterclaim, it seeks relocation of the flowage easement so that the remediation plan can be implemented.

### SUMMARY JUDGMENT STANDARD

The granting of summary judgment is proper if "there is no genuine issue as to

any material fact and ... the moving party is entitled to judgment as a matter of law." FED.R.CIV.P. 56(c). The trial court must resolve all reasonable doubts in favor of the party opposing the motion. *Casey Enterprises, Inc. v. American Hardware Mut. Ins. Co.*, 655 F.2d 598, 602 (5th Cir. 1981) (citations omitted). The party seeking summary judgment carries the burden of initially demonstrating the absence of a genuine issue concerning any material fact in the case. This burden, however, does not require the moving party to produce evidence showing the absence of a genuine issue of material fact for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 2554, 91 L.Ed.2d 265 (1986). The moving party satisfies its burden by "pointing out to the district court ... that there is an absence of evidence to support the nonmoving party's case." *Id.*

Federal Rule of Civil Procedure 56 does not impose a duty on a district court to "sift through the record in search of evidence to support a party's opposition to summary judgment." *Doddy v. Oxy USA, Inc.*, 101 F.3d 448, 463 (5th Cir.1996) (citations omitted).[1] Once the moving party has satisfied its burden, the nonmovant must "set forth specific facts showing that there is a genuine issue for trial." FED. R.CIV.P. 56(e). The nonmovant must also articulate the precise manner in which evidence he sets forth supports his claims. *See Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir.1994) (citations omitted). If the nonmovant fails to set forth specific facts to support an essential element in that party's claim and on which that party will bear the burden of proof, then summary judgment is appropriate. *Celotex Corp.*, 106 S.Ct. at 2552–53. Even if the nonmovant brings forth evidence in support of its claim, summary judgment will be appropriate "unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986) (citations omitted).

## DISCUSSION

■ The parties are in agreement as to the location of the 570 foot mean sea level contour line on the property. Austin admits that it placed fill material within the flowage easement, that the Corps of Engineers demanded the fill material to be removed, and that it has not removed any of the fill material. The location of the 573 foot mean sea level elevation contour line not being in dispute, the boundary of the flowage easement is therefore not in dispute. There is no claim by Austin that the language describing the flowage easement owned by the government is ambiguous.

Austin requested a permit from the Corps of Engineers to implement a remediation plan proposed by Austin, which was denied by the Corps. Austin argues that this plan, while changing the location of the 573 foot contour line on the property, would accommodate the need of the Government for a flowage easement on the property and allow commercial development of the property. The Government has insisted on the removal of the fill dirt to the contour of the flowage easement elevation prior to the placement of the fill

---

1. The Court also notes that Local Rule CV–56(b) states that a party's response to a summary judgment motion should "be supported by appropriate citations to proper summary judgment evidence ...." Local Rule CV–56(c) further states that the Court "will not scour the record in an attempt to determine whether the record contains an undesignated genuine issue of material fact...."

dirt. Austin's failure to remove the fill dirt resulted in this litigation.

An easement is an interest in land rather than a mere personal privilege. *Samuelson v. Alvarado,* 847 S.W.2d 319, 323 (Tex.App.El Paso 1993), *error denied.* Construction of an unambiguous writing granting an easement is a question of law. *Bradshaw v. Lower Colorado River Authority,* 573 S.W.2d 880, 883 (Tex.Civ.App. Beaumont 1978) *no writ.*

Case law makes clear that the placement of fill dirt is an interference with the rights of the owner of a flowage easement. *See Hart v. U.S.,* 945 F.Supp. 1009, 1012–1013 (E.D.Tex.1996), *aff'd* 137 F.3d 1349; *U.S. v. Fisher–Otis Co., Inc.,* 496 F.2d 1146, (10th Cir.1974); *U.S. v. Hughes,* 408 F.2d 619, (6th Cir.1969).

Austin, while admitting that it placed a small amount of fill material upon portions of the flowage easement, argues the Government's motion does not establish the amount of that fill material or that it clearly impacts or affects the flowage easement and, therefore, the Government's motion for summary judgment should be denied. This argument lacks merit. The flowage easement in this case was acquired for a public project, to-wit, the Grapevine Dam and Reservoir. The terms of the flowage easement are definite. Under the terms of the flowage easement the Government does not have the burden of showing the impact of the fill material placed on the easement by Austin on the operation of the flowage easement and the impoundment of flood water in the Grapevine Reservoir. If every land owner whose property is encumbered by a flowage easement acquired by the Government for the Grapevine Dam and Reservoir placed fill material in the easement, it is obvious that the Government's ability to impound flood water would be seriously impaired. The undisputed facts in this case establish Austin has encroached on the Government's flowage easement by the placement of the fill material and the Government's motion for summary judgment on its primary claim should be granted.

In its first amended original counterclaim, Austin asserts a claim for relocation of the flowage easement boundary. Austin alleges that under Texas law "the rights of an easement owner and those of a land owner are not absolute, relative, and uncontrolled, but are limited, each by the other, so that there may be due and reasonable enjoyment of both the dominant and servant estates." Section 4.02 of Paragraph 4 of First Amended Counterclaim. It is Austin's position that use of the land around Grapevine Dam and Reservoir has changed significantly since the Government acquired its flowage easement, and that under Texas law the flowage easement boundary should be modified to accommodate Austin's desired commercial development of the property. In its original counterclaim, Austin made a claim for equitable relief and urged the Court to exercise its equitable powers to permit implementation of the remediation plan.

Austin alleges in its amended counterclaim that the Court has jurisdiction over its counterclaim pursuant to 28 U.S.C. § 1345, 28 U.S.C. § 1346(f), and 28 U.S.C. § 1367. In its sur-reply to the Government's original motion for summary judgment on its counterclaim, Austin argues that the Court has jurisdiction of its counterclaim under the Quiet Title Act, 28 U.S.C. § 2409a. In support of this argument, Austin cites *Kinscherff v. U.S.,* 586 F.2d 159 (10th Cir.1978). The Court does not read *Kinscherff* to support Austin's argument. In *Kinscherff,* the plaintiffs were claiming an easement to use a road constructed by the United States on its land which is *quite different from Austin's*

request for the relocation of the flowage easement owned by the Government in this case. The plaintiff in *Kinscherff* was claiming an easement in land owned by the Government.

The relevant portion of 28 U.S.C. 2409a reads:

The United States may be named as a party defendant in an action under this section to adjudicate a disputed title to real property in which the United States claims an interest . . .

It is clear that the flowage easement owned by the United States is an interest in land which is subject to the Quiet Title Act, however, there is simply no dispute between the parties as to what estate and land each one owns. Austin is requesting this Court to reform the instrument creating the flowage easement. The Court is without jurisdiction under the Quiet Title Act to reform the flowage easement. In *Mafrige v. U.S.*, 893 F.Supp. 691, 700 (S.D.Tex.1995—Laredo Div.), the plaintiff sought to reform a deed. In rejecting this claim, Judge Kazen stated:

Mafrige's argument ignores the critical fact that the United States of America is a sovereign. Absent an express waiver by statute, it is immune from suit. (Citation omitted) Supplemental jurisdiction generally allows a federal court with jurisdiction over a claim to hear a pendent state claim which it could not otherwise hear, but the doctrine presupposes that a valid state claim exists. There can be no valid state claim against the federal sovereign unless it has expressly consented to such a claim. There is no indication of consent (to hear a reformation of deed action) here. This court lacks subject-matter jurisdiction over Mafrige's reformation claim, and the Government motion to dismiss that claim is granted.

The Court is of the opinion that *Mafrige* correctly states the law with respect to this Court's jurisdiction under 28 U.S.C. 2409a to reform instruments granting interests in land to the Government.

■ Austin also asserts jurisdiction under 28 U.S.C. § 1345, 28 U.S.C. § 1346(f), and 28 U.S.C. § 1367. Section 1345 applies only to actions brought by the United States and does not constitute a waiver of sovereign immunity of the United States to be sued. Section 1346(f) applies only to actions brought pursuant to 28 U.S.C. § 2409a and for the reasons previously stated would not confer jurisdiction on Defendant's counterclaim. Section 1367 confers supplemental jurisdiction on this Court under certain circumstances, which do not exist here. Section 1367 applies only where the Court has original jurisdiction. As discussed above, this Court does not have original jurisdiction over Austin's counterclaim.

Since the Court has determined that it has no jurisdiction over Austin's counterclaim, the Court believes that the issue of whether federal law or the law of the state of Texas applies to whether or not the flowage easement can be reformed is moot.

## CONCLUSION

There are no material fact issues in dispute. The Government's motion for summary judgment on its primary claim should be granted. Austin's counterclaim should be dismissed for lack of jurisdiction. On or before 15 days from the signing of this Order, the Government shall submit to the Court a proposed final judgment, containing a provision for the removal of the fill material from the flowage easement within a reasonable time.

IT IS SO ORDERED.